THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DAVID ZAMORA and GUMECINDO ZAMORA,<br><br>Plaintiffs,<br><br>v.<br><br>DOUGLAS QUEZADA,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [10] DEFENDANT'S MOTION TO DISMISS**<br><br>Case No. 2:22-cv-00616-DBB-DBP<br><br>District Judge David Barlow |

Before the court is Defendant Douglas Quezada's ("Mr. Quezada") motion to dismiss Plaintiffs David Zamora and Gumecindo Zamora's (collectively "Plaintiffs") Complaint for lack of subject matter jurisdiction.[1] Having considered the briefing and relevant law, the court finds that oral argument is unnecessary.[2] As discussed below, the court denies Mr. Quezada's motion.

## BACKGROUND

On September 21, 2022, Plaintiffs brought suit against Mr. Quezada for fraud, conversion, and unjust enrichment.[3] They asserted that the court has subject matter jurisdiction under 28 U.S.C. § 1332.[4] On November 22, 2022, Mr. Quezada moved to dismiss pursuant to Rule 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure.[5] He contends that Plaintiffs

---

[1] Mot. to Dismiss ("MTD"), ECF No. 10, filed Nov. 22, 2022.
[2] *See* DUCivR 7-1(g).
[3] Compl. ¶¶ 26–66, ECF No. 2, filed Sept. 21, 2022.
[4] *Id.* ¶ 4.
[5] MTD 1.

1

bring state-law claims and that complete diversity is absent.[6] On December 20, 2022, Plaintiffs filed their opposition.[7] Mr. Quezada did not file a reply and the time for filing one has passed.[8]

## STANDARD

"A party filing a 12(b)(1) motion may challenge the court's subject-matter jurisdiction through a facial or factual attack."[9] "A facial attack assumes the allegations in the complaint are true and argues they fail to establish jurisdiction. A factual attack goes beyond the allegations in the complaint and adduces evidence to contest jurisdiction."[10] "When reviewing a factual attack, a court 'may not presume the truthfulness of the complaint's factual allegations[.]'"[11] "[A] district court has 'wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts.'"[12]

Plaintiffs have the burden of establishing jurisdiction.[13] When no evidentiary hearing has been held, the plaintiff need make only a prima facie showing in support of jurisdiction.[14]

## DISCUSSION

Mr. Quezada brings a factual attack as to subject matter jurisdiction.[15] Plaintiffs do not assert federal claims.[16] Subject-matter jurisdiction, if any, must therefore lie under 28 U.S.C.

---

[6] *Id.* at 1–2.
[7] Pls. Opp'n to Def. Mot. to Dismiss ("Opp'n"), ECF No. 17, filed Dec. 20, 2022.
[8] *See* Docket.
[9] *Laufer v. Looper*, 22 F.4th 871, 875 (10th Cir. 2022).
[10] *Id.* (quoting *Baker v. USD 229 Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020)).
[11] *Ratheal v. United States*, No. 20-4099, 2021 WL 3619902, at *3 (10th Cir. Aug. 16, 2021), *cert. denied*, 142 S. Ct. 772 (2022), *reh'g denied*, 142 S. Ct. 1195 (2022).
[12] *Baker*, 979 F.3d at 872 (quoting *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001)); *see Davis v. Schmidt*, No. 21-3050, 2021 WL 6102096, at *2 (10th Cir. Dec. 23, 2021) ("[T]he district court has 'wide discretion' to consider such evidence without converting the motion into one for summary judgment." (citation omitted)).
[13] *See Southway v. Cent. Bank of Nigeria*, 328 F.3d 1267, 1274 (10th Cir. 2003).
[14] *Eighteen Seventy, LP v. Jayson*, 32 F.4th 956, 964 (10th Cir. 2022) (citing *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998)).
[15] *See* MTD (referencing exhibits attached to the MTD regarding David Zamora's citizenship).
[16] *See* Compl. ¶ 25 (listing state-law claims).

§ 1332. As such, there must be complete diversity of citizenship and an adequate amount-in-controversy.[17] Here, the amount in controversy is sufficient.[18] "[T]here must [also] be complete diversity between the opposing sides: 'no plaintiff may be a citizen of the same state as any defendant.'"[19] "[C]itizenship is to be determined with reference to the facts as they existed at the time of filing."[20] "[A] person acquires domicile in a state when the person resides there and intends to remain there indefinitely."[21] "[A] presumption has 'been recognized favoring an established domicile over a newly acquired one.'"[22] "On the other hand, the place where a person lives is assumed to be his domicile unless the evidence establishes the contrary."[23] In considering domicile, the court considers "the totality of the circumstances."[24] "Any number of factors might shed light" such as an individual's current residence, organizational membership, employment, driver's license, or tax payments.[25] The court thus analyzes citizenship for each plaintiff.

I. **David Zamora's Citizenship**

Mr. Quezada contends that David Zamora's residence is "clearly Utah."[26] He offers the following in support. First, David Zamora gave a Utah address in March 2015 to a Utah testing agency.[27] Next, he obtained a Utah driver's license in April 2019.[28] Two medical bills from

---

[17] 28 U.S.C. § 1332(a).
[18] *Id.* ¶ 3 (asserting $141,000 in controversy); *see* MTD; Opp'n 1 n.1.
[19] *Cherrington v. Yates*, No. 2:21-cv-00314, 2021 WL 3931387, at *1 (D. Utah Sept. 2, 2021) (quoting *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015)); *see Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) ("Since *Strawbridge v. Curtiss*, . . . we have read the statutory formulation 'between . . . citizens of different States' to require complete diversity between all plaintiffs and all defendants.").
[20] *Grynberg*, 805 F.3d at 905.
[21] *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).
[22] *Middleton v. Stephenson*, No. 2:11-cv-00313, 2012 WL 2224451, at *4 (D. Utah June 14, 2012), *aff'd*, 749 F.3d 1197 (10th Cir. 2014).
[23] *Cressler v. Neuenschwander*, 930 F. Supp. 1458, 1460 (D. Kan. 1996).
[24] *Middleton*, 749 F.3d at 1200.
[25] *Id.* (quoting 13E Charles Alan Wright et al., *Federal Practice and Procedure* § 3612, at 536–41 (3d ed. 2009)).
[26] MTD 3.
[27] ECF No. 16-2.
[28] ECF No. 16-3.

summer 2020 show a Utah address for David Zamora.[29] Mr. Quezada next presents an August 2021 Information against David Zamora for theft committed in Provo.[30] The Information lists a Utah address.[31] Last, Mr. Quezada contends that as part of the corresponding plea deal, signed on September 19, 2022, David Zamora agreed to remain in Utah during probation.[32]

David Zamora admits that he previously lived in Utah for five years.[33] But he declares that he moved to California on August 1, 2022 to be close to his parents and two siblings and intends to remain there indefinitely.[34] He avers that he keeps his personal property at the California address.[35] As of August 21, 2022, he contacted his church's leadership in Oxnard, California to transfer his records to his new address and scheduled a meeting with the church's bishop.[36] For employment, David Zamora started working full-time for a California business on August 22, 2022.[37] By November 2022, he was receiving mail.[38] He also updated his address with his bank.[39] And he states in his affidavit that since he moved, he has not done the following in Utah: owned or rented any real property, resided, had a mailbox or post office box, had personal property other than the money he asserts Mr. Quezada misappropriated, attended church, belonged to any Utah organization, worked, or voted.[40]

---

[29] ECF No. 16-4; ECF No. 16-5.
[30] ECF No. 16-6. David Zamora pleaded no contest to the theft charge. *See* ECF No. 10-6, at 1.
[31] ECF No. 16-6, at 1.
[32] MTD 1; ECF No. 10-6, at 1–2.
[33] Decl. of David Zamora in Support of Pls. Opp'n to Def. Mot. to Dismiss ("David Zamora Decl.") ¶ 2, ECF No. 17-1, filed Dec. 20, 2022. ¶ 2.
[34] *Id.* ¶ 2–4.
[35] *Id.* ¶ 10.
[36] *See* ECF No. 17-5.
[37] David Zamora Decl. ¶ 6; ECF No. 17-3.
[38] ECF No. 17-3; David Zamora Decl. ¶ 3.
[39] ECF No. 17-4.
[40] David Zamora Decl. ¶ 10.

Significant evidence supports David Zamora's claim that he was domiciled in California when he filed. David Zamora admits to having a Utah driver's license.[41] But "no single piece of evidence will likely prove dispositive[.]"[42] Regarding the Utah state-court charge, the plea agreement does not direct David Zamora to remain in Utah during probation. It states only that he "will be placed on 24 months court probation."[43] Court probation is not supervised probation.[44] Finally, evidence of David Zamora's Utah-based residency appears only between 2015 and August 2022. Other than the Utah driver's license, the parties offer nothing to show that David Zamora resided, or intended to reside, in Utah as of September 21, 2022. Consequently, Plaintiffs have made a prima facie showing of David Zamora's California citizenship under the totality of the circumstances.

## II.     Gumecindo Zamora's Citizenship

Mr. Quezada contends that Gumecindo Zamora is "not a legal resident of California."[45] Mr. Quezada submits no evidence to support his claim. He states merely that "[i]t is unclear whether he has any legal status in the United States, whether he is a resident of a foreign nation, or whether he is 'stateless' for purposes of diversity jurisdiction."[46]

In response, Gumecindo Zamora avers that he has lived in California for about thirty years with David Zamora's mother, that his property is located at the California address, and that

---

[41] *Id.* ¶ 11.
[42] *Nichols v. Golden Rule Ins.*, No. 10-cv-00331, 2010 WL 1769742, at *4 (D. Colo. May 3, 2010).
[43] ECF No. 10-6, at 2.
[44] *See* Utah Code 77-18-105(4)(a) ("Court probation may include an administrative level of services, including notification to the sentencing court of scheduled periodic reviews of the probationer's compliance with conditions.").
[45] MTD 4.
[46] *Id.*

5

he has received mail at the same address.[47] For support, Gumecindo Zamora submits a credit report showing a California-issued social security number, California addresses from June 1992 through November 2022, and a California driver's license.[48] He also provides a copy of a lease for a California address from April 2018 to April 2019.[49] Last, Gumecindo Zamora avers that he has not lived in Utah, owned property in Utah, voted or received mail in Utah, or belonged to any Utah-based organization.[50]

The pertinent question for diversity jurisdiction is whether Gumecindo Zamora was a Utah citizen at the time of filing. Given the evidence, the court finds that he was a California citizen. But even if he were a citizen of another nation, subject matter jurisdiction would still exist.[51] In addition, Plaintiffs show that Gumecindo Zamora was not a U.S. citizen domiciled in a foreign country; he was not "stateless" for purposes of 28 U.S.C. § 1332(a)(2).[52]

In sum, Plaintiffs have made a prima facie showing that they were California citizens when they filed their Complaint. As such, the court has subject-matter jurisdiction over this action. As to Mr. Quezada's request for limited discovery or an evidentiary hearing, he filed no reply in support of his motion to dismiss. The court deems the request abandoned and, in any event, a separate motion would need to be filed. If Mr. Quezada has good cause for doing so, he may file such a motion.

---

[47] Decl. of Gumecindo Zamora in Support of Pls. Opp'n to Def. Mot. to Dismiss ("Gumecindo Zamora Decl.") ¶¶ 2–6, ECF No. 17-2, filed Dec. 20, 2022.
[48] ECF No. 17-6.
[49] ECF No. 17-7.
[50] Gumecindo Zamora Decl. ¶ 9.
[51] *See Parsons v. Nat'l Interstate Ins.*, 544 F. Supp. 3d 1202, 1209 (D. Utah 2021) ("The purpose of 28 U.S.C. § 1332 is 'to provide a neutral forum' for 'civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens' where the amount in controversy requirement is met." (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005))).
[52] *See Dyrenforth v. Hall*, No. 21-1132, 2022 WL 767255, at *2 (D. Kan. Mar. 14, 2022).

**ORDER**

Accordingly, the court DENIES Defendant's Motion to Dismiss.[53]

Signed February 22, 2023.

BY THE COURT

_____
David Barlow
United States District Judge

---

[53] ECF No. 10.