Stephen Kelson, # 8458
   Steve.Kelson@chrisjen.com
Matthew K. Strout, #16732
   Matthew.Strout@chrisjen.com
CHRISTENSEN & JENSEN, P.C.
257 East 200 South, Suite 1100
Salt Lake City, Utah 84111-2047
Telephone:  (801) 323-5000
Facsimile:   (801) 355-3472
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| DAVID ZAMORA and GUMECINDO ZAMORA<br><br>    Plaintiffs,<br><br>vs.<br><br>DOUGLAS QUEZADA<br><br>    Defendant. | **PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Case No:<br><br>Judge: |

Plaintiffs David Zamora and Gumecindo Zamora, by and through undersigned counsel of record, hereby move the Court for leave to file a First Amended Complaint, stating as follows:

**<u>INTRODUCTION</u>**

Plaintiffs seek leave to file a First Amended Complaint due to newly discovered information and recent developments in this case. The new allegations arise out of the same subject matter as the original Complaint, and the core allegations have not changed. The original Complaint asserted causes of action for common law fraud, securities fraud, conversion, and unjust enrichment. Those claims arise out of Defendant Douglas Quezada defrauding Plaintiffs out of over $130,000 in a fraudulent investment scheme.  The proposed Amended Complaint also

contains those causes of action, and it adds two Defendants to the conversion and unjust enrichment claims. Those new Defendants are Lauren Quezada and HQC, LLC. The proposed Amended Complaint also adds a claim for civil conspiracy and supporting allegations.[1]

The original Complaint alleges that Defendant Douglas Quezada induced Plaintiffs to provide him with significant amounts of money on a dozen occasions upon the representation that Defendant would invest the money on their behalf, among other things.[2] But Defendant lied. Instead of investing the money as promised, Defendant misappropriated the funds for his own use and enrichment, and he refused to refund Plaintiffs after they discovered his scheme. [3]

During the course of discovery in this action, Plaintiffs learned that Defendant deposited their money into the bank account of HQC, LLC, which is owned or controlled by Defendant and his spouse, Lauren Quezada. Defendant later produced bank statements, and he supplemented his interrogatory responses on September 21, 2023 to disclose, for the first time, that Defendant and Lauren Quezada are the authorized signers on the account. That information, in conjunction with the bank statements, reveals that both Defendant and Ms. Quezada misappropriated and diverted Plaintiffs' funds for their own use. This newly discovered evidence forms the basis of Plaintiffs' new allegations and their claim for civil conspiracy.

---

[1] In addition, the proposed Amended Complaint makes corrections to the allegations regarding the amount of money that Plaintiffs paid Defendant (which is slightly less than what Plaintiffs originally believed) and to the method of payment (the money was paid by cashier's checks and cash rather than by cashier's checks and wire transfers). The proposed amendment also removes the claim for conversion of property papers, which has been resolved.
[2] *See* Compl. (Dkt 2) at ¶¶ 7-18.
[3] *See id.* ¶¶ 19-23.

Courts should "freely give leave" to amend a pleading "when justice so requires,"[4] and there is no reason to disallow an amendment in this case. This Motion is timely, and it is not the product of a dilatory motive or bad faith. This case is not advanced procedurally, and Defendant, Ms. Quezada, and HQC will not be prejudiced by the amendment. Discovery is ongoing, no trial date has been set, and they will have ample time to prepare their defenses. In addition, the causes of action asserted in the proposed Amended Complaint state plausible claims for relief. Thus, it would not be futile to permit the amendment. Plaintiffs should therefore be granted leave to file the Amended Complaint that was submitted contemporaneously with this Motion.

## STATEMENT OF FACTS

1. Plaintiffs filed their Complaint on September 21, 2022. Plaintiffs asserted claims for common law fraud, securities fraud, conversion, and unjust enrichment against Defendant. Plaintiffs alleged that they were defrauded out of nearly $150,000 by Defendant in a stock investment scheme.[5] Defendant, who was Plaintiffs' friend and former bishop, solicited funds from Plaintiffs purportedly for investment in a company named Aurora Cannabis ("Aurora").[6] Among other things, Defendant affirmatively represented that he would purchase shares in Aurora on behalf of Plaintiffs and would manage Plaintiffs' investment for them.[7] However, Defendant did not actually do so, nor did he ever intend to.[8] Instead, he misappropriated the funds for his own

---

[4] Fed. R. Civ. P. 15(a)(2).
[5] *See generally,* Compl., Dkt. 2.
[6] *Id.* ¶¶ 7-23.
[7] *Id.* ¶¶ 8-9, 13-15.
[8] *Id.* ¶¶ 19-20.

3

enrichment while covering up his fraudulent and unlawful conduct through additional false representations.[9]

2. On November 22, 2022, Defendant filed a Motion to Dismiss for lack of subject matter jurisdiction.[10] Plaintiffs filed an opposition, but Defendant did not file a reply. Nor did Defendant file a response to the Court's order to show cause regarding his failure to file a reply.[11] The Court denied Defendant's motion on February 22, 2023.[12]

3. On January 18, 2023, the Court entered a scheduling order.[13] The parties timely served their initial disclosures on February 13, 2023.

4. Plaintiffs served their first set of discovery requests on April 27, 2023, and Defendant served his written responses on May 30, 2023. In response to an interrogatory, Defendant stated that Plaintiffs' funds were deposited into the bank account of HQC, LLC, but he did not list the authorized signers as requested.[14]

5. Plaintiffs were surprised by Defendant's response. Plaintiffs paid Defendant by cashier's checks, which were made out to Defendant, not an entity.[15] Moreover, Plaintiffs had never heard of HQC, LLC. This confusion was compounded by the fact that Defendant stated in response to most document requests that responsive documents "are hereby produced," but Defendant did not produce any documents.[16]

---

[9] *Id.* ¶¶ 19, 28, 32-33.
[10] *See* Dkt. 10.
[11] *See* Dkt. 18,
[12] *See* Dkt. 17, 21.
[13] *See* Dkt. 20.
[14] *See* Def.'s Discov. Resp., at Resp. to Interrog. No. 4, attached as Exhibit C.
[15] *See* Exhibit A to Def.'s Objections to Subpoena to Wells Fargo, Dkt. 26-1 (containing images of cashier's checks).
[16] *Id.*

4

6. On June 23, 2023, in response to an inquiry by Plaintiffs, Defendant stated that he "plan[s] on making a document production" the week of June 26.

7. Defendant did not do so. Plaintiff followed up several times with Defendant, who pushed his expected production date back further and further. Defendant first stated that two of his three attorneys had been traveling out of the country (at separate times), but that the document production would be forthcoming. Defendant then stated a few weeks later that the production was still not ready because Defendant had been out of the country.

8. Defendant finally served his document production on July 25, 2023. Among other things, the production contained the bank records of HQC, but they did not indicate who the authorized signers were. Defendant also failed to fully answer most of the interrogatories, including the one asking Defendant to identify the authorized users and signers on any account that Plaintiffs' funds were deposited into.

9. After a lengthy meet-and-confer process, Defendant supplemented his written discovery responses on September 21, 2023. Defendant disclosed in that supplement, for the first time, that Defendant and Lauren Quezada were the authorized signers.[17] Defendant supplemented his response to several other interrogatories as well.

10. Plaintiffs' claims against HQC and Ms. Quezada arise out of the transactions reflected in the bank records and the fact that Ms. Quezada is an authorized signer.

11. Given the above, Plaintiffs did not receive the documents and information which form the basis of their new allegations until recently. Plaintiffs therefore seek leave to amend the Complaint to add Lauren Quezada and HQC, LLC as defendants with respect to the existing claims

---

[17] *See* Suppl. Disc. Resp., at Resp. to Interrog. No. 4, attached as Exhibit D.

for conversion and unjust enrichment, and to add a claim for civil conspiracy against Defendant and Lauren Quezada.

12. The proposed First Amended Complaint has been filed contemporaneously with this Motion as Exhibit A. A redlined version of that pleading is attached as Exhibit B.

## ARGUMENT

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that courts "should freely give leave [to amend] when justice so requires, and it is well-settled in the caselaw that Rule 15 should be interpreted liberally and that amended pleadings should be "freely given" and "liberally granted."[18] The purpose of Rule 15 is to "provide litigants 'the maximum opportunity for each claim to be decided on the merits rather than on procedural niceties.'"[19] As stated by the United States Supreme Court, "if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."[20]

Denying leave to amend is "generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by

---

[18] *See, e.g. Foman v. Davis,* 371 U.S. 178, 182 (1962); *Minter v. Prime Equipment Co.,* 451 F.3d 1196, 1207 (10th Cir. 2006). *See also Nuñez v. Albo*, 53 P.3d 2, 10 (Utah Ct. App. 2002) ("rule 15 should be interpreted liberally so as to allow parties to have their claims fully adjudicated," and "this is especially true when the motion to amend is made well in advance of trial.").

[19] *Minter,* 451 F.3d at 1207 (quoting *Hardin v. Manitowoc-Forsythe Corp.,* 691 F.2d 449, 456 (10th Cir. 1982)). *See also Calderon v. Kansas Dept. of Social and Rehabilitation Serv.*, 181 F.3d 1180, 1186 (10th Cir. 1999) ("The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits.").

[20] *Foman*, 371 U.S. at 182.

amendments previously allowed, or futility of amendment."[21] Prejudice to the opposing party is the "most important" factor in deciding whether to allow leave to amend.[22]

For the reasons explained below, Plaintiffs did not unduly delay seeking leave to amend, they have not engaged in bad faith conduct or acted with a dilatory motive, and the proposed amendment would not prejudice the new or existing Defendants. In addition, this is the first time that Plaintiffs have sought leave to amend the Complaint, and the amendment would not be futile. Plaintiffs' Motion should therefore be granted.

### I.   Plaintiffs Did Not Unduly Delay Seeking Leave to Amend or Act with Bad Faith or a Dilatory Motive

Delay in itself does not justify denying a motion for leave to amend because Rule 15(a) "does not restrict a party's ability to amend its pleadings to a particular stage in the action."[23] Such a motion cannot be denied on the basis of delay unless that delay was undue.[24] Undue delay may be found when the party filing the motion acted in a dilatory fashion and "has no adequate explanation for the delay."[25] Bad faith may be found where a proposed amendment "directly contradicts allegations made in the original pleading, such that the original and amended factual accounts cannot be reconciled," or when a "party seeks leave to amend for an improper purpose…."[26]

---

[21]   *Amann v. Off. of Utah Att'y Gen.*, 2021 WL 6125826, at *2 (D. Utah Dec. 28, 2021) (*quoting Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (internal quotation marks omitted).
[22]   *Minter*, 451 F.3d at 1207.
[23]   *Id.* at 1205.
[24]   *See Id.*
[25]   *Id.* at 1206.
[26]   *Smith v. Lifevantage Corp.*, 2021 WL 3080412, at *4 (D. Utah July 21, 2021).

Plaintiffs did not delay, let alone unduly delay, seeking leave to amend. Defendant did not produce the HQC bank records, or any other documents, until July 25, 2023, which was approximately three months after Plaintiffs served their discovery requests. Defendant did not disclose Lauren Quezada as an authorized signer on the account until September 21, 2023, which was seven days before the present motion was filed.

Prior to receiving the bank records, Plaintiffs did not have a sufficient factual basis for bringing claims against HQC, LLC. Without those records, Plaintiffs had no way of knowing what happened to the money after it reached the HQC account, or whether the funds were actually deposited into the account rather than Defendant's personal account. Moreover, when Defendants produced the bank statements in late-July, the parties were still working through other discovery issues, including Defendant's failure to identify the authorized signers. It was therefore reasonable for Plaintiffs to wait to amend the Complaint until they received that information, as it would have been a waste of judicial resources to seek leave to amend with respect to HQC and then later seek the same relief as to Ms. Quezada. Moreover, the proposed Amended Complaint expands upon the allegations in the original Complaint and does not contradict them.

In addition to the foregoing, this case is in its early stages. Although the original fact discovery deadline was September 29, 2023, Defendant's delay in producing documents and fully responding to Plaintiff's interrogatories necessitated an extension to December 28, 2023.[27] In addition, no trial date has been set, and Plaintiffs filed this motion before the expiration of the September 28, 2023 deadline to seek leave to amend.[28]

---

[27] *See* Dkts. 20, 25, and 27.
[28] *See* Dkt. 27.

8

In light of the above, Plaintiffs' Motion is timely, and they have an adequate and reasonable explanation for seeking leave to amend at this stage of the litigation. Plaintiffs are also seeking leave to amend in good faith. Plaintiffs should therefore be permitted to file the proposed Amended Complaint.

## II. Defendants Will Not Be Unduly Prejudiced by the Amendment

The second, and most important, factor in assessing whether leave to amend should be granted is whether the amendment would unduly prejudice the nonmoving parties.[29] Undue prejudice does not exist simply because the nonmoving parties will be subject to the normal burdens of discovery or will be required to expend time and resources in preparing their defenses.[30] "Almost every amendment of a pleading will result in some practical prejudice to the opposing party."[31] Thus, courts "typically find [undue] prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment,"[32] such as when the defendants would not have a "fair opportunity to litigate the new issue."[33]

Defendant, Ms. Quezada, and HQC will have a full and fair opportunity to litigate the claims against them. Fact discovery is still open, expert discovery has not yet started, and no dispositive motions have been filed by Plaintiffs. In addition, the amended allegations and civil

---

[29] *Minter*, 451 F.3d at 1207.

[30] *See Bylin*, 568 F.3d at 1229, 1230–31 (10th Cir. 2009) (stating that courts must consider whether the nonmoving party would suffer *undue* prejudice due to the amendment, and that "the expenditure of time, money, and effort alone is not grounds for a finding of prejudice."). *See also Kelly v. Hard Money Funding, Inc.,* 2004 UT App 44, ¶ 31, 87 P.3d 734, 743 ("mere inconvenience to the opposing party is not grounds to deny a motion to amend") (quoting 61A Am. Jur. 2d Pleading § 776 (2003)) (internal quotation marks omitted).

[31] *Kelly,* 2004 UT App 44, ¶ 31 (quoting 61A Am. Jur. 2d Pleading § 776 (2003)).

[32] *Minter*, 451 F.3d at 1208.

[33] *Kelly,* 2004 UT App 44, ¶ 31 (quoting 61A Am. Jur. 2d Pleading § 777 (2003)) (internal quotation marks omitted).

conspiracy claim arise out of the same subject matter as the claims asserted in the original Complaint,[34] and the delay in Plaintiffs discovering the factual basis for their new allegations was caused by Defendant.

Defendant, Ms. Quezada, and HQC will therefore have ample opportunity to take discovery, and the amendment will not impede their ability to prepare and develop their defenses. Thus, they will suffer no undue prejudice as a result of the proposed amendment.

### III. Plaintiffs Have Not Previously Amended the Complaint, and the Proposed Amendment is Not Futile

In determining whether leave to amend should be granted, courts also consider whether the plaintiff has failed to cure deficiencies with previous amendments, and whether the proposed amendment would be futile.[35] An amendment is futile if "the complaint, as amended, would be subject to dismissal," such as for the failure to state a claim upon which relief can be granted.[36]

Plaintiffs have not previously amended, or moved to amend, the Complaint, and the original Complaint was not deficient. In addition, the proposed Amended Complaint is not subject to dismissal, as it alleges facts that are more than sufficient to plausibly state claims for fraud, securities fraud, conversion, unjust enrichment, and civil conspiracy. Indeed, the original Complaint pled the first four causes of action, and Defendant did not move to dismiss them under Rule 12(b)(6).

---

[34] *See Minter*, 451 F.3d at 1208 (stating that when courts find undue prejudice, it is "most often . . . when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues.").
[35] *Amann,* 2021 WL 6125826, at *2 (*citing Bylin*, 568 F.3d at 1229).
[36] *Patterson-UTI Drilling Co., LLC v. Tri-State Trucking, LLC*, 2010 WL 4922522, at *1 (D. Utah Nov. 29, 2010).

## **CONCLUSION**

Based upon the foregoing, Plaintiffs request that the Court grants Plaintiffs' Motion for Leave to File First Amended Complaint and permits Plaintiffs to file the proposed Amended Complaint submitted herewith.

DATED: September 28, 2023

        CHRISTENSEN & JENSEN, P.C.

        /s/ Matthew K. Strout
        Stephen Kelson
        Matthew K. Strout
        *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2023, a true and correct copy of the foregoing **MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** was filed on the Court's electronic filing system, which automatically notified all counsel of record of this filing.

/s/ Matthew K. Strout