Joseph G. Pia (9945)
Wesley D. Felix (6539)
Nediha Hadzikadunic (15851)
PIA HOYT LLC
170 South Main Street, Suite 1100
Salt Lake City, UT 84101
Phone: (801) 350-9000
Email: Joe.Pia@piahoyt.com
       wfelix@piahoyt.com
       nedihah@piahoyt.com

*Attorneys for Defendant Douglas Quezada*

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DAVID ZAMORA and GUMECINDO ZAMORA<br><br>     Plaintiffs,<br><br>vs.<br><br>DOUGLAS QUEZADA<br><br>     Defendant. | **DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS**<br><br>Case No: 2:22-cv-00616-DBB<br><br>Judge: David Barlow |

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendant Douglas Quezada ("**Quezada**" or "**Defendant**"), hereby submits his responses to Plaintiff David Zamora's ("**David**") and Plaintiff Gumecindo Zamora's ("**Gumecindo**") (collectively "**Plaintiffs**") First Set of Discovery Requests ("**Discovery Requests**") as follows:

### GENERAL OBJECTIONS

1.     Defendant objects to Plaintiffs' definitions, instructions and requests to the extent that they are inconsistent with or purport to impose a duty of disclosure that is greater than or different from that required under the applicable Rules of Civil Procedure.

2.      By responding to Plaintiffs' interrogatories and other discovery requests, Defendant does not concede the relevancy or materiality of any interrogatory, request for production or of the subject to which it refers. Defendant's responses are made subject to, and without waiving any objections to the competency, relevancy, materiality, privilege, or admissibility of any of the responses given, or of the subject matter to which they concern, in any proceeding in this action or in any other subsequent proceeding. Such responses are made specifically subject to the right to object to any discovery proceeding involving or relating to the subject matter of the requests responded to herein.

3.      Defendant objects to each and every interrogatory and request to the extent it seeks information beyond the scope of Rules 26 or 33–34 of the Federal Rules of Civil Procedure.

4.      Defendant objects to each and every interrogatory and request to the extent it seeks information subject to the attorney/client privilege, within the attorney's work product immunity, or other grounds of immunity from discovery. Any disclosure of such protected and privileged information is inadvertent and is not intended to waive those privileges or protections.

5.      Defendant objects to each and every interrogatory and request to the extent it seeks information that is not relevant to a claim or defense of any party, is not admissible, or is not reasonably calculated to lead to the discovery of admissible evidence.

6.      Defendant objects to each and every interrogatory and request to the extent it seeks information that is overbroad, unduly burdensome, unreasonably cumulative, duplicative, or obtainable from some other source that is more convenient, less burdensome, or less expensive.

7.      Defendant objects to each and every interrogatory, request for production to the extent that the burden or expense of responding to such request outweighs its likely benefit,

2

considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action and the importance of the discovery in resolving those issues.

8.      Defendant objects to each and every interrogatory and request to the extent it assumes facts that are not in evidence. By responding to these requests, Defendant does not admit or agree with any explicit or implicit assumption made in the interrogatory or requests.

9.      Defendant objects to each and every interrogatory and request to the extent it seeks "all" information concerning a given subject on the grounds that such interrogatories and requests are overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to such interrogatories and requests on the grounds that, read literally, they require Defendant to search exhaustively for information to locate "all" information that might possibly be responsive to a request. Thus, Defendant objects because it is impossible to represent, even after a diligent search and consideration, that "all" information has been located to respond to the requests.

10.     Defendant has not completed his investigation of the facts, witnesses or documents relating to this case. All of the responses set forth below are based only upon information and documents that are presently available and known to Defendant. Further independent discovery, investigation, legal research, and analysis may supply additional facts and/or meaning to the presently known facts. These responses are given without prejudice to Defendant's right to supplement or amend its objections and responses to these requests, and Defendant expressly reserves that right. Defendant reserves the right to rely on facts, documents, or other evidence that may develop or come to Defendant's attention later.

11.     Defendant objects to each and every interrogatory and request as unduly burdensome to the extent it seeks the production of information and/or documents equally available to Plaintiffs, in the public domain, or already in the possession, custody, or control of Plaintiffs.

12.     Defendant reserves the right to supplement these responses.

13.     Subject to the foregoing qualifications and General Objections and the specific objections made below, Defendant objects and responds to Plaintiffs' First Set of Discovery Requests to Respondent as follows:

<u>**RESPONSES TO INTERROGATORIES**</u>

**INTERROGATORY NO. 1:** Identify all corporations, limited liability companies, and all other entities that Defendant has had more than a 1% ownership interest in at any time between November 1, 2017 and the present. For each entity, provide the following information: (i) state the name, address, telephone number, and email address of the entity; and (ii) state the percentage of Defendant's ownership interest in the entity.

<u>**RESPONSE**</u>: Defendant objects to Interrogatory No. 1 on the grounds that it is compound, overly broad, unduly burdensome and exceeds the scope of permissible discovery under the applicable rules. Although the Federal Rules of Civil Procedure allow broad discovery on any nonprivileged matter, any discovery request must relate to information relevant to the party's claim or defense and must be proportional considering the needs of the case. *See* Rule 26(B)(1). The information about all entities in which Defendant has more than 1% of ownership interest is not relevant to any of Plaintiffs' claims. As such, the request in Interrogatory No. 1 is not reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the needs of

the case. Interrogatories that seek information that exceeds what is relevant to Plaintiffs' claims are not permitted. *See Collenberg v. Silverado Acad., LLC*, 2014 U.S. Dist. LEXIS 12204, *12-13 (D. Utah 2014) (disallowing interrogatory which sought irrelevant information "because the responses would surely include information about communications that have nothing to do with Plaintiffs' claims in this case.")

      **INTERROGATORY NO. 2:** Identify all corporations, limited liability companies, and all other entities that Defendant held a management or leadership position in at any time between November 1, 2017 and the present (including, without limitation, being an officer, executive, or board member of a corporation or a member or manager of a limited liability company). For each entity, provide the following information: (i) state the name, address, telephone number, and email address of the entity; and (ii) state Defendant's job title or position and provide a description of his duties.

      **RESPONSE**: Defendant objects to Interrogatory No. 2 on the grounds that it is compound, overly broad, unduly burdensome and exceeds the scope of permissible discovery under the applicable rules. Although the Federal Rules of Civil Procedure allow broad discovery on any nonprivileged matter, any discovery request must relate to information relevant to the party's claim or defense and must be proportional considering the needs of the case. *See* Rule 26(B)(1). The information about management or leadership positions Defendant held since November 1, 2017 is not relevant to any of Plaintiffs' claims. As such, the request in Interrogatory No. 2 is not reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the needs of the case. Interrogatories that seek information that exceeds what is relevant to Plaintiffs' claims are not permitted. *See Collenberg v. Silverado Acad., LLC*, 2014 U.S. Dist. LEXIS 12204,

*12-13 (D. Utah 2014) (disallowing interrogatory which sought irrelevant information "because the responses would surely include information about communications that have nothing to do with Plaintiffs' claims in this case.")

**INTERROGATORY NO. 3:** Identify all Funds that Defendant received from one or both Plaintiffs at any time between November 1, 2017 and the present. For each payment of Funds, provide the following information: (a) state the amount of the payment; (b) state the date on which it was received; and (c) state the form of the payment (e.g. cash, check, ACH transfer, wire transfer, etc.).

**RESPONSE**: Defendant objects to Interrogatory No. 3 on the grounds that Plaintiffs seek information they already have in their possession. Plaintiffs produced copies of all payments they had made to Defendant in their Initial Disclosures. *See* Plaintiffs' Initial Disclosures.

**INTERROGATORY NO. 4:** Identify all bank accounts and any other financial institution accounts which any portion of the Funds were received into, deposited into, transferred into, or transferred out of. In doing so, provide the following information: (a) identify the bank or other financial institution by name, address, telephone number, and email address; (b) identify all account holders, authorized users, joint users, authorized signers, secondary signers, and beneficiaries by name, address, telephone number, and email address; (c) state the account number; and (d) state the date on which the Funds were received, deposited, or transferred.

**RESPONSE**: Defendant objects to Interrogatory No. 4 on the grounds that it is overly broad and unduly burdensome as it requests specific categories of information, which is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing objections, Defendant responds to Interrogatory No. 4 as follows: Plaintiffs are seeking

information that they already have in their possession. The only bank account into which any funds received from Plaintiffs were deposited was the bank account to which Plaintiffs wired those funds; HQC, LLC Business Account at Wells Fargo, Account # 8044702614. To Defendant's knowledge, the Wells Fargo branch that was located at 442 900 East, Provo, Utah 84606, which he used for banking services, relocated to an unknown location.

**INTERROGATORY NO. 5:** Explain why Defendant received the Funds. In doing so, state what Defendant claims to be the purpose of each payment and what Defendant was authorized to do with the Funds.

**RESPONSE**: All funds Defendant received from Plaintiffs were made for the purpose of repaying Defendant for the cash advances Defendant made to Plaintiffs earlier. Plaintiffs frequently asked Defendant to borrow them cash. Generally, it was David who made such requests to Defendant on behalf of Gumecindo. Defendant would then call Gumecindo to verify whether the request for money was legitimate. Gumecindo used cash he borrowed from Defendant to develop his property in Mexico, a ranch he was building for his retirement. Occasionally, Gumecindo asked Defendant to give some of the cash to David for his support as David struggled to hold a steady employment.

**INTERROGATORY NO. 6:** Identify all communications between Defendant, on the one hand, and one or both Plaintiffs, on the other hand, regarding the Funds, the reasons the Funds were provided to Defendant, or what Defendant was authorized to do with the Funds. For each communication, provide the following information: (a) state its content; (b) state the date on which the communication occurred; (c) state the form of the communication (e.g. by email, text message, letter, telephone, in person, etc.); (d) identify the parties to the communication; and (e) state

whether Defendant has in his possession, custody, or control a copy or recording of the communication, or any notes or other documents or communications pertaining to or referencing it, that have not been produced in discovery.

**RESPONSE**: Defendant objects to Interrogatory No. 6 on the grounds that it is compound, overly broad, unduly burdensome, and seeks information that Plaintiffs already have in their possession. Notwithstanding the foregoing objections, Defendant recalls having phone conversations with Gumecindo over the course of several years, during which Gumecindo asked Defendant for cash advances. However, it is impossible for Defendant to recall specific dates and times when these conversations took place. Most requests for money came directly from David on behalf of Gumecindo. Defendant recalls one instance where Gumecindo spoke to him directly about needing money. Defendant also states that Plaintiffs generally returned money within several weeks. *See also* response to Interrogatory No. 5.

**INTERROGATORY NO. 7:** State whether Defendant used any of the Funds to purchase any stocks or other securities (together, "units") in Aurora Cannabis on behalf of one or both Plaintiffs. If any of the Funds were used for that purpose, provide the following information: (a) state how many units were purchased; (b) state how much was paid for those units; and (c) state the date(s) on which the units were purchased.

**RESPONSE**: Defendant objects to Interrogatory No. 7 on the grounds that is overly broad, unduly burdensome, and compound as it contains multiple discrete subparts. The interrogatory poses two different questions and Defendant will respond to them as if responding to two different interrogatories. *See Velazquez v. Greyhound Lines, Inc. Charles Saunders*, 2020 U.S. Dist. LEXIS 268338, *27-28 (D. Utah 2020) ("Indeed, each subpart involves a discrete or separate question of

fact and, therefore, each subpart must be treated as a separate interrogatory." (internal citations and quotation marks omitted)). Subject to, and without waiving the foregoing specific objections, Defendant states that he never used any of the funds to purchase any Aurora Cannabis units on behalf of Plaintiffs either individually or collectively. Defendant invested in Aurora Cannabis using his own funds and for his own benefit.

**INTERROGATORY NO. 8:** If any of the Funds were not used to purchase stocks or other securities in Aurora Cannabis, explain what Defendant spent the Funds on, utilized the Funds for, or did with the Funds.

**RESPONSE**: *See* response to Interrogatory No. 7.

**INTERROGATORY NO. 9:** Explain in detail why Defendant did not return the Funds to Plaintiffs. If Defendant contends that he did return some or all of the Funds, provide the following information: (a) state how much was retuned; (b) state the date on which it was returned; (c) identify who it was returned to; and (d) state how the Funds were returned (e.g. cash, check, ACH transfer, wire transfer, etc.).

**RESPONSE**: Defendant objects to Interrogatory No. 9 on the grounds that is overly broad, unduly burdensome, and compound as it contains multiple discrete subparts. The interrogatory poses two different questions and Defendant will respond to them as if responding to two different interrogatories. *See Velazquez*, 2020 U.S. Dist. LEXIS 268338, *27-28 (D. Utah 2020) ("Indeed, each subpart involves a discrete or separate question of fact and, therefore, each subpart must be treated as a separate interrogatory." (internal citations and quotation marks omitted)).  Subject to, and without waiving the foregoing specific objections, Defendant refers Plaintiffs to his responses to Interrogatory Nos. 5 & 6.

**INTERROGATORY NO. 10:** Describe in detail the factual basis for Defendant's claim that some or all of the Funds received by Defendant constituted payment for money that Gumecindo Zamora owed to Defendant. *See* Answer to Complaint, ¶ 11. In doing so, provide the following information: (a) state specifically what the money was owed for; (b) state the date on which the debt was incurred; (c) state how much money Gumecindo owed to Defendant; (d) state the specific terms of payment or repayment (including, but not limited to, how much time Gumecindo had to pay Defendant and whether Defendant charged any interest); and (e) state whether Gumecindo and Defendant entered into any written contract or agreement regarding the debt, or whether the agreement was otherwise memorialized in a formal or informal writing.

**RESPONSE**: Defendant objects to Interrogatory No. 10 on the grounds that is overly broad, unduly burdensome and compound as it contains multiple discrete subparts. The interrogatory poses two different questions and Defendant will respond to them as if responding to two different interrogatories. *See Velazquez*, 2020 U.S. Dist. LEXIS 268338, *27-28 (D. Utah 2020) ("Indeed, each subpart involves a discrete or separate question of fact and, therefore, each subpart must be treated as a separate interrogatory." (internal citations and quotation marks omitted)). Subject to, and without waiving the foregoing specific objections, Defendant states that Gumecindo told him that he needed to borrow cash to finance the development of his property Mexico (i.e., buy trees, purchase neighboring lots, etc.). Gumecindo sent David to Mexico to bring the real estate documents back to the United States evidencing Gumecindo's ownership in the property. Gumecindo entrusted Defendant with these documents for safekeeping. While Defendant's understanding was that much of the funds Defendant advanced to Gumecindo was sent to Mexico, Gumecindo used some of the funds for his own personal use. On several occasions,

David also asked Defendant to loan him money to make a car payment or pay other bills. Because of Defendant's close relationship with Gumecindo and David at the time, Defendant trusted that they would return the money, which often was the case. Plaintiffs and Defendant never signed any written agreement regarding the debt nor did Defendant charge any interest on the loaned funds.

**INTERROGATORY NO. 11**: State whether Defendant, or any entity owned or controlled by Defendant in full or in part, held any stocks, shares, or other financial instruments or ownership interests (collectively, "units") in Aurora Cannabis at any time between January 1, 2015 and the present. In doing so, state the following information: (a) state the date(s) on which the units were purchased; (b) state how many units were purchased on each date; and (c) state the maximum number of units owned at one time by Defendant or any entity owned or controlled by Defendant in full or in part.

**RESPONSE**: Defendant objects to Interrogatory No. 11 on the grounds that is overly broad, unduly burdensome, and compound as it contains multiple discrete subparts. The interrogatory poses two different questions and Defendant will respond to them as if responding to two different interrogatories. *See Velazquez*, 2020 U.S. Dist. LEXIS 268338, *27-28 (D. Utah 2020) ("Indeed, each subpart involves a discrete or separate question of fact and, therefore, each subpart must be treated as a separate interrogatory." (internal citations and quotation marks omitted)). Subject to, and without waiving the foregoing specific objections, Defendant states that he currently does not own any shares of Aurora Cannabis. Defendant did own a small number of shares at some point during the relevant time period. The value of the investment was between $20,000–$30,000. Defendant made his first investment in Aurora Cannabis in the middle of 2017 and cashed it out in the middle of 2019.

**INTERROGATORY NO. 12:** Identify all individuals and entities who Defendant purchased, obtained, or managed (or offered to purchase, obtain, or manage) any securities or investments for since January 1, 2015 (including, without limitation, stocks, bonds, preferred shares, exchanged-traded funds, or any other type of marketable security). For each individual and entity, provide the following information: (a) state their name, address, telephone number, and email address; (b) state the date(s) on which Defendant purchased, obtained, or managed (or offered to purchase, obtain, or manage) any securities or investments for them; and (c) identify the type of securities or investments that were purchased, procured, or managed (or offered to be purchased, procured, or managed).

**RESPONSE**: Defendant objects to Interrogatory No. 12 on the grounds that it is overly broad, unduly burdensome and exceeds the scope of permissible discovery under the applicable rules. Although the Federal Rules of Civil Procedure allow broad discovery on any nonprivileged matter, any discovery request must relate to information relevant to the party's claim or defense and must be proportional considering the needs of the case. *See* Rule 26(B)(1). The information about other individuals and entities for whom Defendant allegedly purchased, managed or offered to purchase or manage any securities or investments since January 1, 2015 is not relevant to any of Plaintiffs' claims. As such, the request in Interrogatory No. 12 is not reasonably calculated to lead to the discovery of admissible evidence. Interrogatories that seek information that exceeds what is relevant to Plaintiffs' claims are not permitted. *See Collenberg*, 2014 U.S. Dist. LEXIS 12204, *12-13 (D. Utah 2014) (disallowing interrogatory which sought irrelevant information "because the responses would surely include information about communications that have nothing to do with Plaintiffs' claims in this case.") For the same reason the request in Interrogatory No. 12

is not proportional to the needs of the case. Subject to, and without waiving the foregoing specific objections, Defendant states that he never invested any funds on behalf of other individuals.

**INTERROGATORY NO. 13:** Identify all communications that Defendant had with Lynn Packer, or with any person about Lynn Packer or about what David Zamora allegedly told Lynn Packer about the Funds, this lawsuit, Defendant, or Defendant's "personal and business information." *See* Counterclaim, ¶¶ 17, 21. For each communication, provide the following information: (i) state its content; (ii) state the date on which the communication occurred; (iii) state the form of the communication (e.g. by email, text message, letter, telephone, in person, etc.); (iv) identify the parties to the communication; and (v) state whether Defendant has in his possession, custody, or control a copy or recording of the communication, or any notes or other documents or communications pertaining to or referencing it, that have not been produced in discovery.

**RESPONSE**: Defendant objects to Interrogatory No. 13 on the grounds that it is overly broad, unduly burdensome and compound as it contains multiple discrete subparts. The interrogatory poses two different questions and Defendant will respond to them as if responding to two different interrogatories. *See Velazquez*, 2020 U.S. Dist. LEXIS 268338, *27-28 (D. Utah 2020) ("Indeed, each subpart involves a discrete or separate question of fact and, therefore, each subpart must be treated as a separate interrogatory." (internal citations and quotation marks omitted)). Subject to, and without waiving the foregoing specific objections, Defendant states that he had no communications with Lynn Packer, although Mr. Packer tried to contact him. Mr. Packer called Defendant's brother, Diego Quezada, and told him that David gave him the contact information. Mr. Packer stated to Diego that David told him that Defendant stole money from Gumecindo, and that Defendant was a part of a money laundering scheme along with the Attorney

General Sean Reyes. During the conversation with Diego, Mr. Packer inquired about Defendant's business, Diego's relationship with Defendant, and whether Diego was aware of the alleged criminal activities of Defendant. Mr. Packer also tried to contact Defendant's father, Luis Quezada.

**INTERROGATORY NO. 14:** Identify all communications between Defendant and David Zamora pertaining to: (a) Defendant's investments; (b) any nondisclosure agreement; or (c) Defendant's alleged desire for "David to keep his personal and business information confidential." *See* Counterclaim, ¶¶ 13-15. For each communication, provide the following information: (i) state its content; (ii) state the date on which the communication occurred; (iii) state the form of the communication (e.g. by email, text message, letter, telephone, in person, etc.); and (iv) state whether Defendant has in his possession, custody, or control a copy or recording of the communication, or any notes or other documents or communications pertaining to or referencing it, that have not been produced in discovery.

**RESPONSE**: Defendant objects to Interrogatory No. 14 on the grounds that is overly broad, unduly burdensome, and compound as it contains multiple discrete subparts. The interrogatory poses two different questions and Defendant will respond to them as if responding to two different interrogatories. *See Velazquez*, 2020 U.S. Dist. LEXIS 268338, *27-28 (D. Utah 2020) ("Indeed, each subpart involves a discrete or separate question of fact and, therefore, each subpart must be treated as a separate interrogatory." (internal citations and quotation marks omitted)). Subject to, and without waiving the foregoing specific objections, Defendant states that David would often ask questions about investing in general and wanted to know where Defendant invested his money. These were informal conversations which often took place in a car on the way to the grocery store or at Defendant's home. Defendant considered and utilized David's questions

as mentoring opportunities. Defendant, however, had never suggested, instructed, or proposed to David to invest in Aurora Cannabis or any other company.

Second, when David came to live in Defendant's home, Defendant explained to David the importance of keeping the details of Defendant's personal life and business matters confidential. Defendant's wife, Lauren Quezada, brother, Paolo Quezada, and cousin, Patricio Contreras, witnessed those discussions with David. Concerned about protecting his privacy, Defendant often asked friends and close associates who had access to his confidential information and private affairs to sign a nondisclosure agreement. Even as a former bishop of the LDS Church, Defendant continued to help people and it was not unusual for Defendant to open his home to people in need for a temporary place to stay or to help otherwise.

**INTERROGATORY NO. 15**: Identify all communications that Defendant had with any other individual or entity between November 1, 2017 and the present pertaining to, referencing, reflecting, discussing, or mentioning the Funds, the reasons why one or both Plaintiffs provided the Funds to Defendant, or what Defendant did with the Funds. For each communication, provide the following information: (i) state its content; (ii) state the date on which the communication occurred; (iii) state the form of the communication (e.g. by email, text message, letter, telephone, in person, etc.); (iv) identify the parties to the communication by name, address, telephone number, and email address; and (v) state whether Defendant has in his possession, custody, or control a copy or recording of the communication, or any notes or other documents or communications pertaining to or referencing it, that have not been produced in discovery.

RESPONSE: Defendant objects to Interrogatory No. 15 on the grounds that is overly broad, unduly burdensome, and compound as it contains multiple discrete subparts. The interrogatory

poses two different questions and Defendant will respond to them as if responding to two different interrogatories. *See Velazquez*, 2020 U.S. Dist. LEXIS 268338, *27-28 (D. Utah 2020) ("Indeed, each subpart involves a discrete or separate question of fact and, therefore, each subpart must be treated as a separate interrogatory." (internal citations and quotation marks omitted)). Subject to, and without waiving the foregoing specific objections, Defendant states that the members of his family and friends knew of the fact that Defendant was loaning money to Gumecindo and David. Defendant's wife, Lauren, saw Defendant going to the bank, withdrawing the funds and giving them to Gumecindo. She also witnessed Gumecindo stopping by Defendant's house and asking Defendant for money. Further, Lauren, Patricio Contreras and Fin Tuafatafua witnessed Defendant getting repaid by Plaintiffs. Defendant's father, Luis, knew of Defendant giving money to Gumecindo and David, and warned Defendant to be careful with trusting Gumecindo. Randy Porter and Defendant's brother, Diego, knew of Defendant paying money to Gumecindo and David and them paying back.

In response to the second question in Interrogatory No. 15, Defendant states that he is unable to recall each of the communications he had with the identified individuals and the specific times at which they occurred. These were informal communications that took place over the course of several years. Also, Defendant provided some information about the above identified witnesses in his Initial Disclosures. Defendant hereby provides the following information about the witnesses identified above:

1.  Patricio Contreras (cousin); Address: Van Gogh 111, La Florida, Region Metropolitana, Santiago, Chile 8240000;

2.  Luis Quezada (father); Address: 1169 Morado Pl. Oxnard, CA 93030;

3.  Diego Quezada (brother): Phone (805) 444-0341;

4.      Randy Porter (friend); Address: 1321 E 720 N, Provo, Utah 84606.

### RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** All non-privileged documents and communications that you identified, referred to, or relied upon in answering the Interrogatories served herewith.

**RESPONSE**: Defendant objects to Request No. 1 on the grounds that it is overbroad and burdensome because it calls for a wide range of information and documents exceeding the scope of permissible discovery. Subject to, and without waiving the foregoing specific objections, Defendant states that documents and communications Defendant relied upon in answering the Interrogatories are also all documents Defendant has in his custody and control. These documents will be bates stamped and produced.

**REQUEST NO. 2:** All documents and communications exchanged between Defendant, on the one hand, and one or both Plaintiffs, on the other hand, between November 1, 2017 and the present. This Request applies to all communications between the parties regardless of which party sent or received them.

**RESPONSE**: Defendant objects to Request No. 2 on the grounds that it seeks information Plaintiffs already have in their possession. Subject to, and without waiving the foregoing specific objections, Defendant states that all such documents in Defendant's custody and control are hereby produced. *See* Response to Request No. 1.

**REQUEST NO. 3:** All documents and communications pertaining to, referencing, reflecting, discussing, or mentioning Defendant purchasing, managing, offering to purchase or manage, or being asked to purchase or manage stocks, securities, or other financial instruments in Aurora Cannabis or any other entity on behalf of one or both Plaintiffs.

**RESPONSE**: Defendant objects to Request No. 3 on the grounds that it seeks information Plaintiffs already have in their possession. Subject to, and without waiving the foregoing specific objections, Defendant states that all documents in Defendant's custody and control are hereby produced. *See* Response to Request No. 1 and Response to Interrogatory # 7.

**REQUEST NO. 4:** All documents and communications pertaining to, referencing, reflecting, discussing, or mentioning the performance of any stocks, securities, or other financial instruments that Defendant purchased, or purported to purchase, on behalf of one or both Plaintiffs.

**RESPONSE**: Defendant objects to Request No. 4 on the grounds that it seeks information Plaintiffs already have in their possession. Subject to, and without waiving the foregoing specific objections, Defendant states that all documents in Defendant's custody and control are hereby produced. *See* Response to Request No. 1 and Response to Interrogatory # 7.

**REQUEST NO. 5:** All documents and communications that pertain to, reference, reflect, discuss, or mention the tendering, transfer, or payment of any Funds by one or both Plaintiffs to Defendant, or the reasons why the Funds were tendered, transferred, or paid to Defendant. In this Request, and all other Requests herein, the term "Funds" has the meaning assigned to it in the "Definitions" section above.

**RESPONSE**: All documents in Defendant's custody and control are hereby produced. *See* Response to Request No. 1 and Responses to Interrogatories Nos. 3 and 5–10.

**REQUEST NO. 6:** All documents and communications that pertain to, reference, reflect, discuss, or mention the disposition of the Funds after they were provided to Defendant. This includes, but is not limited to, documents and communications pertaining to: (a) what, if anything,

Defendant did with the Funds, used the Funds for, or purchased with the Funds; (b) where, if anywhere, Defendant transferred or moved the Funds to; and (c) the current location of the Funds.

**RESPONSE**: All documents in Defendant's custody and control are hereby produced. *See* Response to Request No. 1 and Responses to Interrogatories Nos. 3 and 5–10.

**REQUEST NO. 7:** For every bank account or other financial account that any Funds were received into, deposited into, or transferred into or out of, produce all account statements for November 1, 2017 to November 30, 2021.

**RESPONSE**: Defendant states that no funds belonging to Plaintiffs were deposited into any of his bank accounts. The funds wired to his HQC, LLC Business Account at Wells Fargo Bank were repayments of the money Plaintiffs borrowed from Defendant. *See* Response to Interrogatory No. 4.

**REQUEST NO. 8:** All documents and communications pertaining to, referencing, reflecting, discussing, or mentioning: (a) any request(s) by one or both Plaintiffs for the return of any Funds from Defendant; (b) any response(s) by Defendant thereto; or (c) the return or nonreturn of any of the Funds.

**RESPONSE**: Defendant objects to Request No. 8 on the grounds that it seeks information Plaintiffs already have in their possession. Subject to, and without waiving the foregoing specific objections, Defendant states that he does not have the requested documents in his possession, and that all documents in Defendant's custody and control are hereby produced. *See* Response to Request No. 1.

**REQUEST NO. 9:** All documents and communications pertaining to any money or any other debt that Defendant claims was owed by one or both Plaintiffs to Defendant at any time

between November 1, 2017 and the present. This Request includes, but is not limited to, the alleged

debt that is referenced in Paragraph 11 of Defendant's Answer to the Complaint.

**RESPONSE**: Defendant states that all documents in Defendant's custody and control are

hereby produced. *See* Response to Request No. 1 and Response to Interrogatory Nos. 5, 6, 10 and

15.

**REQUEST NO. 10:** All documents and communications pertaining to, referencing,

reflecting, discussing, or mentioning any stocks, shares, or other financial instruments or

ownership interests that Defendant, or any entity owned or controlled by Defendant in full or in

part, held in Aurora Cannabis at any time between January 1, 2015 and the present.

**RESPONSE**: All documents in Defendant's custody and control are hereby produced. *See*

Response to Request No. 1.

**REQUEST NO. 11:** All documents and communications pertaining to any stocks, shares,

or other financial instruments or ownership interests in any entity that Defendant, or any entity

owned or controlled by Defendant in full or in part, purchased, obtained, or managed (or offered

to purchase, obtain, or manage) for any individual or entity between January 1, 2015 and the

present.

**RESPONSE**: Defendant objects to Request No. 11 on the grounds that it is overly broad,

unduly burdensome and exceeds the scope of permissible discovery under the applicable rules.

Although the Federal Rules of Civil Procedure allow broad discovery on any nonprivileged matter,

any discovery request must relate to information relevant to the party's claim or defense and must

be proportional considering the needs of the case. *See* Rule 26(B)(1). Any documents related to

other individuals and entities for whom Defendant allegedly purchased, managed or offered to

purchase or manage any securities or investments since January 1, 2015 are not relevant to any of Plaintiffs' claims. As such, Request No. 11 is not reasonably calculated to lead to the discovery of admissible evidence. Discovery requests that seek information that exceeds what is relevant to Plaintiffs' claims are not permitted. *See Collenberg*, 2014 U.S. Dist. LEXIS 12204, *12-13 (D. Utah 2014) (disallowing interrogatory which sought irrelevant information "because the responses would surely include information about communications that have nothing to do with Plaintiffs' claims in this case.") For the same reason, Request No. 11 is not proportional to the needs of the case. Subject to, and without waiving the foregoing specific objections, Defendant states that he never invested any funds on behalf of other individuals and that the requested documents do not exist.

**REQUEST NO. 12:** All documents and communications showing or reflecting any ownership interest that Defendant has ever had in any gold, precious metal, or mineral mine or any mining company or similar entity.

**RESPONSE**: The requested documents are hereby produced.

**REQUEST NO. 13:** A copy of the Kaivai, LLC Non-Disclosure Agreement that is referenced in Paragraph 11 of Defendant's Counterclaim, as well as any other nondisclosure agreement signed by one or both Plaintiffs.

**RESPONSE**: The requested document is hereby produced.

**REQUEST NO. 14:** All documents and communications pertaining to, referencing, reflecting, discussing, or mentioning "Mr. Quezada ask[ing] David to keep his personal and business information confidential." *See* Counterclaim, ¶ 13. For the avoidance of doubt, this

Request does not only seek documents and communications that contain the above-quoted phrase, but it seeks all documents and communications which pertain to the substance of the quotation.

**RESPONSE**: Defendant refers Plaintiffs to the Kaivai, LLC Non-Disclosure Agreement as one such document. *See* Response to Request No. 13. The discussions between Defendant and David took place in informal settings, specifically in the Defendant's home or place of business. No written record of these discussions exists. However, some members of Defendant's family witnessed these discussions and are willing to provide their testimony. *See* Response to Interrogatory No. 14.

**REQUEST NO. 15:** All documents and communications pertaining to, referencing, reflecting, discussing, or mentioning any of the following: (a) David Zamora posing "questions about Mr. Quezada's investments"; (b) David "specifically want[ing] to know where [Defendant] was investing his money"; or (b) Defendant providing David "with the information about his investments, which [Defendant] considered private and confidential." *See* Counterclaim, ¶¶ 14-15. For the avoidance of doubt, this Request does not only seek documents and communications that contain the above-quoted phrases, but it seeks all documents and communications which pertain to the substance of the quotations.

**RESPONSE**: Defendant objects to Request No. 15 on the grounds that it is overly broad and contains multiple discrete subparts. Subparts (a) and (b) should be treated as a separate request from subpart (c). *See Velazquez*, 2020 U.S. Dist. LEXIS 268338, *27-28 (D. Utah 2020) ("Indeed, each subpart involves a discrete or separate question of fact and, therefore, each subpart must be treated as a separate interrogatory." (internal citations and quotation marks omitted)). In response to subparts (a) and (b) Defendant states that the discussions between Defendant and David related

to Defendant's investments took place in informal settings. Given the nature of these communications, it is reasonable to expect that there are no written documents memorializing these discussions. In response to subpart (c) see Response to Request Nos. 14 and Response to Interrogatory No. 14. Defendant also refers Plaintiffs to the Kaivai LLC Non-Disclosure Agreement. *See* Response to Request No. 13.

**REQUEST NO. 16:** All documents and communications pertaining to, referencing, reflecting, discussing, mentioning, or involving Lynn Packer or the information that David Zamora allegedly provided to Lynn Packer, as well as all communications to or from Mr. Packer.

**RESPONSE**: Defendant had no communication with Lynn Packer. Defendant refers Plaintiffs to Response to Request No. 1 and Response to Interrogatory No. 13.

DATED May 30, 2023.                    */s/ Nediha Hazikadunic*
                                       Joseph G. Pia
                                       Wesley D. Felix
                                       Nediha Hadzikadunic

                                       *Attorneys for Defendant Douglas Quezada*

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2023, a true and correct copy of the foregoing

**DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF DISCOVERY**

**REQUESTS** was delivered via email to the following:

Stephen Kelson
Steve.Kelson@chrisjen.com
Matthew K. Strout
Matthew.Strout@chrisjen.com
CHRISTENSEN & JENSEN, P.C.
*Attorneys for Plaintiff*

/s/ *Rachel L. Dodge*
Rachel L. Dodge
Paralegal