Joseph G. Pia (9945)
John P. Mertens (14522)
Wesley D. Felix (6539)
Nediha Hadzikadunic (15851)
PIA HOYT LLC
170 South Main Street, Suite 1100
Salt Lake City, UT 84101
Phone: (801) 350-9000
Email: Joe.Pia@piahoyt.com
      jmertens@piahoyt.com
      wfelix@piahoyt.com
      nedihah@piahoyt.com

*Attorneys for Defendant Douglas Quezada*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| DAVID ZAMORA and GUMECINDO ZAMORA<br><br>Plaintiffs,<br><br>vs.<br><br>DOUGLAS QUEZADA<br><br>Defendant. | **DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS**<br><br>Case No: 2:22-cv-00616-DBB<br><br>Judge: David Barlow |

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendant Douglas Quezada ("**Quezada**" or "**Defendant**"), hereby submits his supplemental responses to Plaintiff David Zamora's ("**David**") and Plaintiff Gumecindo Zamora's ("**Gumecindo**") (collectively "**Plaintiffs**") First Set of Discovery Requests ("**Discovery Requests**") as follows:

**SUPPLEMENTAL RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 4:** Identify all bank accounts and any other financial institution accounts which any portion of the Funds were received into, deposited into, transferred into, or

transferred out of. In doing so, provide the following information: (a) identify the bank or other financial institution by name, address, telephone number, and email address; (b) identify all account holders, authorized users, joint users, authorized signers, secondary signers, and beneficiaries by name, address, telephone number, and email address; (c) state the account number; and (d) state the date on which the Funds were received, deposited, or transferred.

**RESPONSE**: Defendant objects to Interrogatory No. 4 on the grounds that it is overly broad and unduly burdensome as it requests specific categories of information, which is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing objections, Defendant responds to Interrogatory No. 4 as follows: Plaintiffs are seeking information that they already have in their possession. The only bank account into which any funds received from Plaintiffs were deposited was the bank account to which Plaintiffs wired those funds; HQC, LLC Business Account at Wells Fargo, Account # x2614. To Defendant's knowledge, the Wells Fargo branch that was located at 442 900 East, Provo, Utah 84606, which he used for banking services, relocated to an unknown location.

**SUPPLEMENTAL RESPONSE**: The account holder on the x2614 account is HQC, LLC. The authorized signers are Lauren and Douglas Quezada, available through counsel. No other requested information is available.

**INTERROGATORY NO. 5:** Explain why Defendant received the Funds. In doing so, state what Defendant claims to be the purpose of each payment and what Defendant was authorized to do with the Funds.

**RESPONSE**: All funds Defendant received from Plaintiffs were made for the purpose of repaying Defendant for the cash advances Defendant made to Plaintiffs earlier. Plaintiffs

frequently asked Defendant to borrow them cash. Generally, it was David who made such requests to Defendant on behalf of Gumecindo. Defendant would then call Gumecindo to verify whether the request for money was legitimate. Gumecindo used cash he borrowed from Defendant to develop his property in Mexico, a ranch he was building for his retirement. Occasionally, Gumecindo asked Defendant to give some of the cash to David for his support as David struggled to hold a steady employment.

**SUPPLEMENTAL RESPONSE**: Mr. Quezada has uncovered evidence that some of the funds provided to Plaintiffs were in the form of cashier's checks.

**INTERROGATORY NO. 6:** Identify all communications between Defendant, on the one hand, and one or both Plaintiffs, on the other hand, regarding the Funds, the reasons the Funds were provided to Defendant, or what Defendant was authorized to do with the Funds. For each communication, provide the following information: (a) state its content; (b) state the date on which the communication occurred; (c) state the form of the communication (e.g. by email, text message, letter, telephone, in person, etc.); (d) identify the parties to the communication; and (e) state whether Defendant has in his possession, custody, or control a copy or recording of the communication, or any notes or other documents or communications pertaining to or referencing it, that have not been produced in discovery.

**RESPONSE**: Defendant objects to Interrogatory No. 6 on the grounds that it is compound, overly broad, unduly burdensome, and seeks information that Plaintiffs already have in their possession. Notwithstanding the foregoing objections, Defendant recalls having phone conversations with Gumecindo over the course of several years, during which Gumecindo asked Defendant for cash advances. However, it is impossible for Defendant to recall specific dates and

times when these conversations took place. Most requests for money came directly from David on behalf of Gumecindo. Defendant recalls one instance where Gumecindo spoke to him directly about needing money. Defendant also states that Plaintiffs generally returned money within several weeks. *See also* response to Interrogatory No. 5.

**SUPPLEMENTAL RESPONSE**: The requests from David were entirely or primarily in person, as David was living with Mr. Quezada at the time. Some of these conversations may have been by telephone. Occasionally, Gumecindo also visited in person and had conversations in person asking for funds. No further responsive information is available.

**INTERROGATORY NO. 8:** If any of the Funds were not used to purchase stocks or other securities in Aurora Cannabis, explain what Defendant spent the Funds on, utilized the Funds for, or did with the Funds.

**RESPONSE**: *See* response to Interrogatory No. 7.

**SUPPLEMENTAL RESPONSE**: The information requested is available from documents DEF000132-511.

**INTERROGATORY NO. 9:** Explain in detail why Defendant did not return the Funds to Plaintiffs. If Defendant contends that he did return some or all of the Funds, provide the following information: (a) state how much was retuned; (b) state the date on which it was returned; (c) identify who it was returned to; and (d) state how the Funds were returned (e.g. cash, check, ACH transfer, wire transfer, etc.).

**RESPONSE**: Defendant objects to Interrogatory No. 9 on the grounds that is overly broad, unduly burdensome, and compound as it contains multiple discrete subparts. The interrogatory poses two different questions and Defendant will respond to them as if responding to two different

interrogatories. *See Velazquez*, 2020 U.S. Dist. LEXIS 268338, *27-28 (D. Utah 2020) ("Indeed, each subpart involves a discrete or separate question of fact and, therefore, each subpart must be treated as a separate interrogatory." (internal citations and quotation marks omitted)). Subject to, and without waiving the foregoing specific objections, Defendant refers Plaintiffs to his responses to Interrogatory Nos. 5 & 6.

**SUPPLEMENTAL RESPONSE**: The Funds were loan repayments. As a lender, Mr. Quezada was entitled to retain the Funds, which constituted a return of his funds previously lent to Plaintiffs. From time to time, Mr. Quezada would re-lend funds to Plaintiffs after prior loans were repaid.

**INTERROGATORY NO. 10:** Describe in detail the factual basis for Defendant's claim that some or all of the Funds received by Defendant constituted payment for money that Gumecindo Zamora owed to Defendant. *See* Answer to Complaint, ¶ 11. In doing so, provide the following information: (a) state specifically what the money was owed for; (b) state the date on which the debt was incurred; (c) state how much money Gumecindo owed to Defendant; (d) state the specific terms of payment or repayment (including, but not limited to, how much time Gumecindo had to pay Defendant and whether Defendant charged any interest); and (e) state whether Gumecindo and Defendant entered into any written contract or agreement regarding the debt, or whether the agreement was otherwise memorialized in a formal or informal writing.

**RESPONSE**: Defendant objects to Interrogatory No. 10 on the grounds that is overly broad, unduly burdensome and compound as it contains multiple discrete subparts. The interrogatory poses two different questions and Defendant will respond to them as if responding to two different interrogatories. *See Velazquez*, 2020 U.S. Dist. LEXIS 268338, *27-28 (D. Utah

2020) ("Indeed, each subpart involves a discrete or separate question of fact and, therefore, each subpart must be treated as a separate interrogatory." (internal citations and quotation marks omitted)). Subject to, and without waiving the foregoing specific objections, Defendant states that Gumecindo told him that he needed to borrow cash to finance the development of his property Mexico (i.e., buy trees, purchase neighboring lots, etc.). Gumecindo sent David to Mexico to bring the real estate documents back to the United States evidencing Gumecindo's ownership in the property. Gumecindo entrusted Defendant with these documents for safekeeping. While Defendant's understanding was that much of the funds Defendant advanced to Gumecindo was sent to Mexico, Gumecindo used some of the funds for his own personal use. On several occasions, David also asked Defendant to loan him money to make a car payment or pay other bills. Because of Defendant's close relationship with Gumecindo and David at the time, Defendant trusted that they would return the money, which often was the case. Plaintiffs and Defendant never signed any written agreement regarding the debt nor did Defendant charge any interest on the loaned funds.

**SUPPLEMENTAL RESPONSE**: The loans made to Plaintiffs were short term and repaid in full each time. Given the short-term nature of the loans, and the continual repayments, Mr. Quezada did not make or retain records of the loans. As far as Mr. Quezada was concerned, after each repayment, the loan was satisfied, and the business concluded. He did not expect the Plaintiffs to perjure themselves by claiming the loan repayments were investments in Aurora Cannabis or anything else. For each repayment, there is a corresponding loan or loans several weeks in advance of the repayment in the same amount.

Mr. Quezada has recently discovered that some of the funds were lent not in cash, but in the form of cashier's checks. Mr. Quezada is concurrently producing a receipt for a cashier's check and will produce additional records if they are discovered.

**INTERROGATORY NO. 11**: State whether Defendant, or any entity owned or controlled by Defendant in full or in part, held any stocks, shares, or other financial instruments or ownership interests (collectively, "units") in Aurora Cannabis at any time between January 1, 2015 and the present. In doing so, state the following information: (a) state the date(s) on which the units were purchased; (b) state how many units were purchased on each date; and (c) state the maximum number of units owned at one time by Defendant or any entity owned or controlled by Defendant in full or in part.

**RESPONSE**: Defendant objects to Interrogatory No. 11 on the grounds that is overly broad, unduly burdensome, and compound as it contains multiple discrete subparts. The interrogatory poses two different questions and Defendant will respond to them as if responding to two different interrogatories. *See Velazquez*, 2020 U.S. Dist. LEXIS 268338, *27-28 (D. Utah 2020) ("Indeed, each subpart involves a discrete or separate question of fact and, therefore, each subpart must be treated as a separate interrogatory." (internal citations and quotation marks omitted)). Subject to, and without waiving the foregoing specific objections, Defendant states that he currently does not own any shares of Aurora Cannabis. Defendant did own a small number of shares at some point during the relevant time period. The value of the investment was between $20,000–$30,000. Defendant made his first investment in Aurora Cannabis in the middle of 2017 and cashed it out in the middle of 2019.

**SUPPLEMENTAL RESPONSE**: Mr. Quezada personally owned some shares in Aurora Cannabis through an account with TD Ameritrade. The account has been closed and Mr. Quezada is unable to access the records. He will continue to attempt to access these records and will supplement this response if able to do so.

**INTERROGATORY NO. 12:** Identify all individuals and entities who Defendant purchased, obtained, or managed (or offered to purchase, obtain, or manage) any securities or investments for since January 1, 2015 (including, without limitation, stocks, bonds, preferred shares, exchanged-traded funds, or any other type of marketable security). For each individual and entity, provide the following information: (a) state their name, address, telephone number, and email address; (b) state the date(s) on which Defendant purchased, obtained, or managed (or offered to purchase, obtain, or manage) any securities or investments for them; and (c) identify the type of securities or investments that were purchased, procured, or managed (or offered to be purchased, procured, or managed).

**RESPONSE**: Defendant objects to Interrogatory No. 12 on the grounds that it is overly broad, unduly burdensome and exceeds the scope of permissible discovery under the applicable rules. Although the Federal Rules of Civil Procedure allow broad discovery on any nonprivileged matter, any discovery request must relate to information relevant to the party's claim or defense and must be proportional considering the needs of the case. *See* Rule 26(B)(1). The information about other individuals and entities for whom Defendant allegedly purchased, managed or offered to purchase or manage any securities or investments since January 1, 2015 is not relevant to any of Plaintiffs' claims. As such, the request in Interrogatory No. 12 is not reasonably calculated to lead to the discovery of admissible evidence. Interrogatories that seek information that exceeds

what is relevant to Plaintiffs' claims are not permitted. *See Collenberg*, 2014 U.S. Dist. LEXIS 12204, *12-13 (D. Utah 2014) (disallowing interrogatory which sought irrelevant information "because the responses would surely include information about communications that have nothing to do with Plaintiffs' claims in this case.") For the same reason the request in Interrogatory No. 12 is not proportional to the needs of the case. Subject to, and without waiving the foregoing specific objections, Defendant states that he never invested any funds on behalf of other individuals.

**SUPPLEMENTAL RESPONSE**: Mr. Quezada invested his own money, but did not invest or manage funds on behalf of any other investor – individual or entity.

**INTERROGATORY NO. 15**: Identify all communications that Defendant had with any other individual or entity between November 1, 2017 and the present pertaining to, referencing, reflecting, discussing, or mentioning the Funds, the reasons why one or both Plaintiffs provided the Funds to Defendant, or what Defendant did with the Funds. For each communication, provide the following information: (i) state its content; (ii) state the date on which the communication occurred; (iii) state the form of the communication (e.g. by email, text message, letter, telephone, in person, etc.); (iv) identify the parties to the communication by name, address, telephone number, and email address; and (v) state whether Defendant has in his possession, custody, or control a copy or recording of the communication, or any notes or other documents or communications pertaining to or referencing it, that have not been produced in discovery.

**RESPONSE**: Defendant objects to Interrogatory No. 15 on the grounds that is overly broad, unduly burdensome, and compound as it contains multiple discrete subparts. The interrogatory poses two different questions and Defendant will respond to them as if responding to two different interrogatories. *See Velazquez*, 2020 U.S. Dist. LEXIS 268338, *27-28 (D. Utah

9

2020) ("Indeed, each subpart involves a discrete or separate question of fact and, therefore, each subpart must be treated as a separate interrogatory." (internal citations and quotation marks omitted)). Subject to, and without waiving the foregoing specific objections, Defendant states that the members of his family and friends knew of the fact that Defendant was loaning money to Gumecindo and David. Defendant's wife, Lauren, saw Defendant going to the bank, withdrawing the funds and giving them to Gumecindo. She also witnessed Gumecindo stopping by Defendant's house and asking Defendant for money. Further, Lauren, Patricio Contreras and Fin Tuafatafua witnessed Defendant getting repaid by Plaintiffs. Defendant's father, Luis, knew of Defendant giving money to Gumecindo and David, and warned Defendant to be careful with trusting Gumecindo. Randy Porter and Defendant's brother, Diego, knew of Defendant paying money to Gumecindo and David and them paying back.

In response to the second question in Interrogatory No. 15, Defendant states that he is unable to recall each of the communications he had with the identified individuals and the specific times at which they occurred. These were informal communications that took place over the course of several years. Also, Defendant provided some information about the above identified witnesses in his Initial Disclosures. Defendant hereby provides the following information about the witnesses identified above:

1. Patricio Contreras (cousin); Address: Van Gogh 111, La Florida, Region Metropolitana, Santiago, Chile 8240000;

2. Luis Quezada (father); Address: 1169 Morado Pl. Oxnard, CA 93030;

3. Diego Quezada (brother): Phone (805) 444-0341;

4. Randy Porter (friend); Address: 1321 E 720 N, Provo, Utah 84606.

**SUPPLEMENTAL RESPONSE**: Mr. Quezada is aware of the following additional contact information:

1. Patricio Contreras, phone: +56 9 7479 7632.
2. Luis Quezada, phone: 805-455-3963.
3. Diego Quezada: address not known.
4. Randy Porter, phone: (805) 625-0601.
5. Fin Tuafatafua, phone: (208) 881-4945, address: 1149 W Fox Run Ave, Santaquin, UT 84655.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 2:** All documents and communications exchanged between Defendant, on the one hand, and one or both Plaintiffs, on the other hand, between November 1, 2017 and the present. This Request applies to all communications between the parties regardless of which party sent or received them.

**RESPONSE**: Defendant objects to Request No. 2 on the grounds that it seeks information Plaintiffs already have in their possession. Subject to, and without waiving the foregoing specific objections, Defendant states that all such documents in Defendant's custody and control are hereby produced. *See* Response to Request No. 1.

**SUPPLEMENTAL RESPONSE**: An unredacted version of DEF000089 is being concurrently produced herewith.

**REQUEST NO. 9:** All documents and communications pertaining to any money or any other debt that Defendant claims was owed by one or both Plaintiffs to Defendant at any time

11

between November 1, 2017 and the present. This Request includes, but is not limited to, the alleged debt that is referenced in Paragraph 11 of Defendant's Answer to the Complaint.

**RESPONSE**: Defendant states that all documents in Defendant's custody and control are hereby produced. *See* Response to Request No. 1 and Response to Interrogatory Nos. 5, 6, 10 and 15.

**SUPPLEMENTAL RESPONSE**: Mr. Quezada will produce personal bank records showing cash withdrawals, and expects to be able to do so on or before October 6, 2023. Mr. Quezada used these cash withdrawals and other cash to lend money to Plaintiffs. Mr. Quezada has recently discovered that certain loan advances were made by cashier's check. He is concurrently providing all available records, and will provide additional records if they are discovered.

**REQUEST NO. 10:** All documents and communications pertaining to, referencing, reflecting, discussing, or mentioning any stocks, shares, or other financial instruments or ownership interests that Defendant, or any entity owned or controlled by Defendant in full or in part, held in Aurora Cannabis at any time between January 1, 2015 and the present.

**RESPONSE**: All documents in Defendant's custody and control are hereby produced. *See* Response to Request No. 1.

**SUPPLEMENTAL RESPONSE**: See Response to Interrogatory No. 11. Mr. Quezada will supplement this response if he is able to do so.

DATED September 21, 2023.            */s/ John P. Mertens*
                                     Joseph G. Pia
                                     John P. Mertens
                                     Wesley D. Felix
                                     Nediha Hadzikadunic

                                     *Attorneys for Defendant Douglas Quezada*

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2023, a true and correct copy of the foregoing **DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS** was delivered via email to the following:

Stephen Kelson
Steve.Kelson@chrisjen.com
Matthew K. Strout
Matthew.Strout@chrisjen.com
CHRISTENSEN & JENSEN, P.C.
*Attorneys for Plaintiff*

                                      */s/ Rachel L. Dodge*
                                      Rachel L. Dodge
                                      Paralegal