Stephen Kelson, # 8458
  Steve.Kelson@chrisjen.com
Matthew K. Strout, #16732
  Matthew.Strout@chrisjen.com
CHRISTENSEN & JENSEN, P.C.
257 East 200 South, Suite 1100
Salt Lake City, Utah 84111-2047
Telephone:  (801) 323-5000
Facsimile:  (801) 355-3472
*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DAVID ZAMORA, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> DOUGLAS QUEZADA, et al., <br><br> Defendants. | **PLAINTIFFS' MOTION TO COMPEL** <br><br> Case No: 2:22-cv-00616-DBB-DBP <br> Judge: David Barlow <br> Magistrate Judge Dustin B. Pead |

Pursuant to Fed. R. Civ. P. 37 and DUCivR 37-1, Plaintiffs respectfully submit this motion to compel Defendants to fully respond to Plaintiffs' First Set of Discovery Requests to Lauren Quezada and HQC, LLC, and in support state as follows:

1.    This lawsuit arises out of Defendants defrauding Plaintiffs out of nearly $150,000. Defendant Douglas Quezada induced Plaintiffs to periodically send him large sums of money between November 2017 and January 2021 upon the false premise that he would invest the funds on Plaintiffs' behalf. The money was deposited into Defendant HQC, LLC's bank account, and it was spent on groceries, clothing, firearms, vacations, entertainment, video games, gifts, and other things with no clear business purpose, such as personal credit card and car payments.

2.    Some of Plaintiffs' money was also transferred from the HQC, LLC bank account and the accounts of Defendants Douglas Quezada and Lauren Quezada.

3.      Plaintiffs served their First Set of Discovery Requests on Defendants Lauren Quezada and HQC, LLC on July 31, 2024. They asked for documents and information pertaining to the use of Plaintiffs' funds, such as whether the expenditures were for personal or business purposes and which transactions were made by or on behalf of Lauren. Plaintiffs also requested documents and information about Lauren's bank accounts and why some of Plaintiffs' money was transferred into Lauren and Douglas's personal accounts.

4.      Defendants failed to respond by the due date, which was August 30, 2024, and they did not ask for an extension. After multiple reminders by Plaintiffs, Defendants finally served their discovery responses on September 23, 2024, nearly a month after the due date.

5.      The responses were deficient. Defendants refused to provide any documents or information about the foregoing, asserting that the requests were irrelevant and disproportionate. Defendants also raised the same objection to the requests for documents and information identifying the credit cards held by HQC and the account holders and users on the HQC bank account.[1]

6.      Defendants' objections are without merit. Aside from the fact that the objects were untimely, the requests are clearly relevant and proportional to this lawsuit. The Amended Complaint alleges that Lauren, Douglas, and HQC misappropriated Plaintiffs' funds (and conspired to do the same and defraud the Zamoras) after the money was deposited into the HQC account. Plaintiffs are entitled to follow the flow of money, and documents and information pertaining to who spent it, what the purchases and transactions were for, why Plaintiffs' money was flowing between the HQC account and Defendants' personal accounts, and the like are discoverable.

---

[1]      *See* Exhibit A at Interrog. Response Nos. 2, 5-11; Exhibit B at Interrog. Response Nos. 2, 4, 5, 4 [sic], 5 [sic], 6 [sic]; Exhibit A at Response to RFP Nos. 7-11; Exhibit B at Response to RFP Nos. 2-9.

7.       Defendants asserted the spousal communication privilege, attorney-client privilege, and work product privilege in response to several document requests, but they failed to provide a privilege log.

8.       Defendants have also resisted the depositions of HQC and Lauren. Plaintiffs have been asking for HQC and Lauren's availability for nearly a year. Many of the requests were ignored, and when HQC's deposition was noticed for September 24, 2024, it was cancelled last minute by Defendants due to purported personal travel, for which no verification was provided.

9.       The parties met-and-conferred several times, with the last communications occurring on or around November 15, 2024.

## CONCLUSION

Plaintiffs respectfully request that the Court orders Defendants Lauren Quezada and HQC, LLC to respond, and provide all documents responsive to, the interrogatories and requests for production identified in footnote 1, *supra.*  Plaintiffs further request that the Court orders Lauren Quezada and HQC to appear for depositions within thirty days, and that the fact discovery deadlines be extended for that purpose only.

Dated: December 2, 2024

CHRISTENSEN & JENSEN, P.C.

/s/ Matthew K. Strout
Stephen Kelson
Matthew K. Strout
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2024, a true and correct copy of the foregoing was filed using the Court's electronic filing system, which will serve a notice of filing upon all counsel of record.


*/s/ Matthew K. Strout*