Joseph G. Pia (#9945)
John P. Mertens (14522)
Nediha Hadzikadunic (#15851)
PIA HOYT, LLC
170 South Main Street #1100
Salt Lake City, Utah 84101
Telephone: (801) 350-9000
Facsimile: (801) 350-9010
joe.pia@piahoyt.com
jmertens@piahoyt.com
nedihah@piahoyt.com

*Attorneys for Defendants/Counterclaimant*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DAVID ZAMORA and GUMECINDO ZAMORA, <br><br> Plaintiffs, <br><br> v. <br><br> DOUGLAS QUEZADA, <br><br> Defendant. | **LAUREN QUEZADA'S RESPONSES AND OBJECTIONS TO PLAINTIFFS FIRST SET OF DISCOVERY REQUESTS** <br><br> Case No. 2:22-cv-00616-DBB <br><br> Judge: David Barlow |
| DOUGLAS QUEZADA, <br><br> Counterclaimant, <br><br> v. <br><br> DAVID ZAMORA and GUMECINDO ZAMORA, <br><br> Counterclaim Defendants. | |

1

Defendant Lauren Quezada ("**Quezada**"), by and through her counsel of record, hereby responds to Plaintiffs David Zamora ("**David**") and Gumecindo Zamora ("**Gumecindo**") (collectively, "**Plaintiffs**") First Set of Discovery Requests as follows:

## GENERAL COMMENTS

1. Defendant's Responses are made for the sole and exclusive purpose of this action and shall not be used for any other purpose. Furthermore, each Response is subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and any and all other objections and grounds which would require the exclusion of any statement herein if the Discovery Requests were asked of, or any statements contained herein were made by, a witness present and testifying in court. All such objections and grounds are reserved and may be interposed at the time of trial.

**2.** Defendant's Responses herein are based on his present knowledge of the facts and circumstances relevant to the instant action. Discovery in this matter is continuing. Defendant has not completed her investigation of the facts and circumstances relating to this matter. Defendant has not completed discovery in this matter. Defendant has not completed preparation for trial in this matter. Accordingly, these Responses are made without prejudice to Defendant with respect to additional information discovered hereafter.

3. Subject to the foregoing objections and reservations, which are incorporated into the specific responses below as if set forth at length therein, the following Responses are provided based upon review of matters to date. The right to supplement the responses if and when additional responsive information is discovered and/or obtained is reserved.

## DEFINITIONS OF SPECIFIC OBJECTIONS

As used in the Specific Objections and Responses below, the following terms include objections based upon their respective definitions:

1. **"Vague and Ambiguous"** is defined to mean: Defendant objects on the basis that, and insofar as, the Discovery Request is vague, uncertain, and too ambiguous to adequately describe what information is being sought or to allow the disclosure of such information with reasonable effort.

2. **"Overbroad"** is defined to mean: Defendant objects on the basis that, and insofar as, the information sought is overbroad and calls for an expansive potential breadth of information that is unreasonable in scope and parameter.

3. **"Not relevant"** is defined to mean: Defendant objects on the basis that, and insofar as, the Discovery Request seeks information irrelevant to the subject matter of this lawsuit.

4. **"Duplicative"** is defined to mean: Defendant objects on the basis that, and insofar as, the Discovery Request calls for information that is cumulative or duplicative of other discovery.

5. **"Burdensome"** is defined to mean: Defendant objects on the basis that the Discovery Request is so broad and uncertain that it creates an unreasonable and undue burden such that the burden or expense of the proposed discovery outweighs its likely benefit. Burdensome is also defined to mean that Defendant objects to the Discovery Request because the information sought is more readily obtainable through other, more convenient, less burdensome, and less expensive sources or discovery procedures. This includes information already in Plaintiff's possession or to which Plaintiff has substantially similar access or ability to obtain.

6. **"Compound"** is defined to mean: Defendant objects on the basis that the Discovery Request is addressed to multiple distinct parties and is thus several Discovery Requests compounded in one, or that it contains multiple discrete subparts.

7.      **"Premature"** is defined to mean: Defendant objects on the basis that discovery is ongoing, and Defendant has not yet necessarily identified each and every document or item of information that is responsive to any particular Discovery Request.

8.      **"Privileged"** is defined to mean: Defendant objects on the basis that, and insofar as, the Discovery Request calls for information or documents (1) protected by the attorney-client privilege; (2) protected by the work-product doctrine; (3) protected because it consists, in whole or in part, of trial preparation materials and/or documents containing mental impressions, conclusions, opinions, or legal theories of counsel; and/or (4) protected under any other valid privilege.

9.      **"Legal conclusion"** is defined to mean: Defendant objects on the basis and insofar as the discovery request calls for Defendant to reach a legal conclusion.

10.     The phrase **"subject to, and without waiving the foregoing Specific Objections,"** or words having similar effect, is defined to mean: Notwithstanding the fact that Defendant answers or provides information in response to a Discovery Request, he does not waive any objection that has been asserted.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Describe any involvement you had in HQC LLC between January 1, 2017 and the present. In doing so, provide the following information: (a) whether you were an employee, member, manager, or officer of HQC LLC at any time during the above referenced period; (b) the dates you were employed by HQC LLC or served as a member, manager, or officer; (c) whether you performed any work for or pertaining to HQC LLC at any time during the above-referenced period, regardless of whether you were an employee, member, manager, or officer; (d) the dates you performed that work; and (e) describe the work performed.

**RESPONSE:** None.

4

**INTERROGATORY NO. 2:** Identify each bank account for which you were an account holder, authorized user, joint user, authorized signer, secondary signer, or beneficiary between January 1, 2017 and the present. In doing so, state the name of the financial institution and provide the account number.

**RESPONSE**: Responding party objects that this request is not relevant or proportional to the case at issue, nor is it calculated to lead to the discovery of admissible evidence. None of the funds provided by Plaintiffs as alleged in this case were deposited in any account held by Lauren Quezada. To the extent any funds were received by Lauren Quezada from other parties, none of those funds were used for any purpose related to making investments for Plaintiffs.

**INTERROGATORY NO. 3:** Describe any and all occasions on which you, Douglas Quezada, or HQC LLC provided money to one or both Plaintiffs electronically, by mail, in person, or through any other method between January 1, 2017 to the present. In doing so, provide the following information: (a) the date the money was provided; (b) how the money was provided (e.g. cash, check, wire transfer, ACH transfer, etc.); (c) the amount of money provided; and (d) why the money was provided.

**RESPONSE**:

On one occasion, I witnessed Douglas Quezada retrieve cash from our home safe and give it to David Zamora. I do not recall the date or amount, but it appeared to be a few thousand dollars in $100 bills. I understood it to be a loan for Gumecindo Zamora.

**INTERROGATORY NO. 4:** State whether you ever witnessed Douglas Quezada provide cash, checks, or any negotiable instruments (collectively, "money") to either Plaintiff between January 1, 2017 and the present. If you have witnessed the foregoing, provide the following information for each occurrence: (a) the date the money was provided; (b) how the money was provided (e.g. cash, check, or other negotiable

5

instrument); (c) the amount of money provided; (d) why the money was provided; and (e) describe with specificity what you witnessed.

**RESPONSE**: See response to Interrogatory No. 3.

**INTERROGATORY NO. 5:** Identify each purchase and transaction in the HQC LLC bank account statements (DEF000132-511) that were made by you or on your behalf. In doing so, state the date, description, and amount of each purchase and transaction.

**RESPONSE**: Responding party objects that this request is not relevant or proportional to the case at issue, nor is it calculated to lead to the discovery of admissible evidence. None of the funds provided by Plaintiffs as alleged in this case were deposited in any account held by Lauren Quezada. To the extent any funds were received by Lauren Quezada from other parties, none of those funds were used for any purpose related to making investments for Plaintiffs.

**INTERROGATORY NO. 6:** Identify each purchase and transaction in the HQC LLC bank account statements (DEF000132-511) that was made for your benefit in full or in part. This includes, but is not limited to, anything that was given to you or purchased or paid for you (such as gifts, items for your home, personal care items, clothing and jewelry, food or meals, entertainment, airfare, vacations, gasoline, car payments, credit card payments, mortgage or rent payments, other debt payments, etc.). For the avoidance of doubt, this Interrogatory includes all purchases and transactions that benefitted you regardless of whether they also benefitted other members of your family.

**RESPONSE**: Responding party objects that this request is not relevant or proportional to the case at issue, nor is it calculated to lead to the discovery of admissible evidence. None of the funds provided by Plaintiffs as alleged in this case were deposited in any account held by Lauren Quezada. To the extent any funds were received by Lauren Quezada from other parties, none of those funds were used for any purpose related to making investments for Plaintiffs.

**INTERROGATORY NO. 7:** If you contend that any purchase or transaction identified in your responses to Interrogatories No. 5 or 6 was for HQC LLC business purposes, provide the following information: (a) identify the purchase or transaction by date, description, and amount; (b) describe what was purchased or paid for; and (c) explain the purpose of the purchase or transaction and how it related to HQC LLC business.

**RESPONSE:** Responding party objects that this request is not relevant or proportional to the case at issue, nor is it calculated to lead to the discovery of admissible evidence. To the responding party's knowledge, none of the funds provided by Plaintiffs as alleged in this case were used for any purpose related to making investments for Plaintiffs.

**INTERROGATORY NO. 8:** Explain why dozens of monetary transfers were made out of the HQC LLC bank account into one or more of your bank accounts or other financial accounts during the time period reflected in DEF000132-511.

**RESPONSE:** Responding party objects that this request is not relevant or proportional to the case at issue, nor is it calculated to lead to the discovery of admissible evidence. None of the funds provided by Plaintiffs as alleged in this case were deposited in any account held by Lauren Quezada. To the extent any funds were received by Lauren Quezada from other parties, none of those funds were used for any purpose related to making investments for Plaintiffs.

**INTERROGATORY NO. 9:** If you contend that any of the transfers referenced in Interrogatory No. 8 or your answer thereto were for HQC LLC business purposes, provide the following information: (a) identify the transfer by date, description, and amount; (b) explain why the transfer was made; (c) identify the bank account or other financial account (such as Venmo or Paypal) that the money was transferred into, including the name of the financial institution and account number; (d) explain what was

7

done with the money once it reached your account, including what it was spent on or who it was transferred to; and (e) explain how any of the foregoing related to HQC LLC business.

**RESPONSE**: Responding party objects that this request is not relevant or proportional to the case at issue, nor is it calculated to lead to the discovery of admissible evidence. To the responding party's knowledge, none of the funds provided by Plaintiffs as alleged in this case were used for any purpose related to making investments for Plaintiffs.

**INTERROGATORY NO. 10:** Explain why dozens of monetary transfers were made from one or more of your bank accounts or other financial accounts into the HQC LLC bank account during the time period reflected in DEF000132-511.

**RESPONSE**: Responding party objects that this request is not relevant or proportional to the case at issue, nor is it calculated to lead to the discovery of admissible evidence. None of the funds provided by Plaintiffs as alleged in this case were deposited in any account held by Lauren Quezada. To the extent any funds were received by Lauren Quezada from other parties, none of those funds were used for any purpose related to making investments for Plaintiffs.

**INTERROGATORY NO. 11:** If you contend that any of the transfers referenced in Interrogatory No. 10 or your answer thereto were for HQC LLC business purposes, provide the following information: (a) identify the transfer by date, description, and amount; (b) explain why the transfer was made; (c) identify the bank account or other financial account (such as Venmo or Paypal) that the money was transferred from, including the name of the financial institution and account number; and (d) explain how the transfer related to HQC LLC business.

**RESPONSE**: Responding party objects that this request is not relevant or proportional to the case at issue, nor is it calculated to lead to the discovery of admissible

evidence. To the responding party's knowledge, none of the funds provided by Plaintiffs as alleged in this case were used for any purpose related to making investments for Plaintiffs.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** All non-privileged documents and communications that you identified, referred to, or relied upon in answering the Interrogatories served herewith.

**RESPONSE:** No responsive documents exist.

**REQUEST NO. 2:** All documents and communications exchanged between you, on the one hand, and one or both Plaintiffs, on the other hand, between January 1, 2017 and the present. This Request applies to all documents and communications regardless of which person sent or received them.

**RESPONSE:** After a diligent search, no documents were located responsive to this request.

**REQUEST NO. 3:** All documents and communications exchanged between you, on the one hand, and any other person (including, but not limited to, Douglas Quezada), on the other hand, between January 1, 2017 and the present pertaining to, referencing, reflecting, discussing, or mentioning one or both Plaintiffs. This Request applies to all documents and communications regardless of which person sent or received them.

**RESPONSE:** Responding party objects that, as to communications with Douglas Quezada or counsel, this is an effort to invade the spousal communications privilege and/or the attorney-client privilege and work-product doctrine. Communications between Responding Party, Douglas Quezada, and/or counsel relating to Plaintiffs once litigation commenced were related to the Responding Party's efforts, with her husband, to seek legal advice and defend this lawsuit. Notwithstanding the above objection, responsive documents were located and will be produced.

**REQUEST NO. 4:** All documents and communications exchanged between you, on the one hand, and any other person (including, but not limited to, Douglas Quezada), on the other hand, pertaining to, referencing, reflecting, discussing, or mentioning any money that you, Douglas Quezada, or HQC LLC loaned or advanced to one or both Plaintiffs between January 1, 2017 and the present. This Request applies to all documents and communications regardless of which person sent or received them.

**RESPONSE:** Responding party objects that, as to communications with Douglas Quezada or counsel, this is an effort to invade the spousal communications privilege and/or the attorney-client privilege and work-product doctrine. Communications between Responding Party, Douglas Quezada, and/or counsel relating to Plaintiffs once litigation commenced were related to the Responding Party's efforts, with her husband, to seek legal advice and defend this lawsuit. Notwithstanding the above objection, no responsive documents were found after a diligent search, beyond what has already been produced in this lawsuit.

**REQUEST NO. 5:** All documents and communications exchanged between you, on the one hand, and any other person (including, but not limited to, Douglas Quezada), on the other hand, pertaining to, referencing, reflecting, discussing, or mentioning the Funds or any other money that one or both Plaintiffs paid or provided to you, Douglas Quezada, or HQC LLC between January 1, 2017 and the present. This Request applies to all documents and communications regardless of which person sent or received them.

**RESPONSE:** Responding party objects that, as to communications with Douglas Quezada or counsel, this is an effort to invade the spousal communications privilege and/or the attorney-client privilege and work-product doctrine. Communications between Responding Party, Douglas Quezada, and/or counsel relating to Plaintiffs once litigation commenced were related to the Responding Party's efforts, with her husband, to seek legal advice and defend this lawsuit. Notwithstanding the above objection, no

responsive documents were found after a diligent search, beyond what has already been produced in this lawsuit.

**REQUEST NO. 6:** All other documents pertaining to, referencing, reflecting, discussing, or mentioning one or both Plaintiffs or any money that you, Douglas Quezada, or HQC LLC loaned or advanced to, or received from, one or both Plaintiffs between January 1, 2017 and the present. This Request applies to all documents regardless of whether those documents were sent to or shared with another person.

**RESPONSE**: Responding party objects that, as to communications with Douglas Quezada or counsel, this is an effort to invade the spousal communications privilege and/or the attorney-client privilege and work-product doctrine. Most or all communications relating to Plaintiffs once litigation commenced were also related to the Responding Party's efforts, with her husband, to seek legal advice. Notwithstanding the above, responsive documents were collated and will be produced.

**REQUEST NO. 7:** All monthly statements from January 1, 2017 to December 31, 2021 for any of your bank accounts or other financial accounts (such as Venmo or Paypal) which any money from the HQC LLC bank account was transferred into during the above referenced period.

**RESPONSE**:  Responding party objects that this request is not relevant or proportional to the case at issue, nor is it calculated to lead to the discovery of admissible evidence. None of the funds provided by Plaintiffs as alleged in this case were used for any purpose related to making investments for Plaintiffs. Any funds transferred to Lauren Quezada were used for her own purposes. No documents will be provided beyond what has been provided already.

**REQUEST NO. 8:** All monthly statements from January 1, 2017 to December 31, 2021 for any of your bank accounts or other financial accounts (such as Venmo or Paypal)

11

which any money was transferred from into the HQC LLC bank account during the above referenced period.

**RESPONSE**: Responding party objects that this request is not relevant or proportional to the case at issue, nor is it calculated to lead to the discovery of admissible evidence. None of the funds provided by Plaintiffs as alleged in this case were used for any purpose related to making investments for Plaintiffs. Any funds transferred by Lauren Quezada were for other purposes. No documents will be provided beyond what has been provided already.

**REQUEST NO. 9:** All documents and communications pertaining to any purchase or transaction in the HQC LLC bank account statements (DEF000132-511) that was made by you or on your behalf.

**RESPONSE**: Responding party objects that this request is not relevant or proportional to the case at issue, nor is it calculated to lead to the discovery of admissible evidence. None of the funds provided by Plaintiffs as alleged in this case were used for any purpose related to making investments for Plaintiffs. Any purchases made for Lauren Quezada were used for her own purposes. No documents will be provided beyond what has been provided already.

**REQUEST NO. 10:** All documents and communications pertaining to, referencing, reflecting, discussing, or mentioning any purchase or transaction in the HQC LLC bank account statements (DEF000132-511) that was made for your benefit in full or in part. This includes, but is not limited to, anything that was given to you or purchased or paid for you (such as gifts, items for your home, personal care items, clothing and jewelry, food or meals, entertainment, airfare, vacations, gasoline, car payments, credit card payments, mortgage or rent payments, other debt payments, etc.). For the avoidance of doubt, this Request includes all purchases and transactions that benefitted you regardless of whether they also benefitted other members of your family.

**RESPONSE:** Responding party objects that this request is not relevant or proportional to the case at issue, nor is it calculated to lead to the discovery of admissible evidence. None of the funds provided by Plaintiffs as alleged in this case were used for any purpose related to making investments for Plaintiffs. Any purchases made for Lauren Quezada were used for her own purposes. No documents will be provided beyond what has been provided already.

**REQUEST NO. 11:** All documents and communications pertaining to, referencing, reflecting, discussing, or mentioning any monetary transfer between the HQC LLC bank account and any of your bank accounts or other financial accounts between January 1, 2017 and December 31, 2021. For the avoidance of doubt, this Request includes all transfers regardless of which account transferred or received the money.

**RESPONSE:** Responding party objects that this request is not relevant or proportional to the case at issue, nor is it calculated to lead to the discovery of admissible evidence. None of the funds provided by Plaintiffs as alleged in this case were used for any purpose related to making investments for Plaintiffs. Any transfers to Lauren Quezada were used for her own purposes. No documents will be provided beyond what has been provided already.

**REQUEST NO. 12:** All documents and communications pertaining to, referencing, reflecting, discussing, or mentioning any business purpose for the purchases, transactions, and transfers referenced in Request Nos. 9, 10, and 11.

**RESPONSE:** Responding party does not have documents responsive to this request.

//
//
//
//

Dated this 23rd day of September 2024.

                                                PIA HOYT, LLC

                                                */s/ John P. Mertens*
                                                Joseph G. Pia
                                                John P. Mertens
                                                Nediha Hadzikadunic
                                                *Attorneys for Plaintiffs*

## VERIFICATION

I, Lauren Quezada, hereby swear or affirm that above interrogatory responses are true and correct.

Dated September 23, 2024

*(signature)*
Lauren Quezada

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2024, a true and correct copy of the foregoing **RESPONSES AND OBJECTIONS TO PLAINTIFFS FIRST SET OF DISCOVERY REQUESTS** was delivered via email to the following:

Stephen Kelson
Steve.Kelson@chrisjen.com
Matthew K. Strout
Matthew.Strout@chrisjen.com
CHRISTENSEN & JENSEN, P.C.
*Attorneys for Plaintiff*

/s/ Melanie Buervenich
Paralegal