Joseph G. Pia (#9945)
John P. Mertens (14522)
Nediha Hadzikadunic (#15851)
PIA HOYT, LLC
170 South Main Street #1100
Salt Lake City, Utah 84101
Telephone: (801) 350-9000
Facsimile: (801) 350-9010
joe.pia@piahoyt.com
jmertens@piahoyt.com
nedihah@piahoyt.com

*Attorneys for Defendants/Counterclaimant*

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DAVID ZAMORA and GUMECINDO ZAMORA,<br><br>    Plaintiffs,<br><br>v.<br><br>DOUGLAS QUEZADA,<br><br>    Defendant. | **HQC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS FIRST SET OF DISCOVERY REQUESTS**<br><br>Case No. 2:22-cv-00616-DBB<br><br>Judge: David Barlow |
| DOUGLAS QUEZADA,<br><br>    Counterclaimant,<br><br>v.<br><br>DAVID ZAMORA and GUMECINDO ZAMORA,<br><br>    Counterclaim Defendants. | |

Defendant HQC ("**HQC**"), by and through its counsel of record, hereby responds to Plaintiffs David Zamora ("**David**") and Gumecindo Zamora ("**Gumecindo**") (collectively, "**Plaintiffs**") First Set of Discovery Requests as follows:

GENERAL COMMENTS

1.      Defendant's Responses are made for the sole and exclusive purpose of this action and shall not be used for any other purpose. Furthermore, each Response is subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and any and all other objections and grounds which would require the exclusion of any statement herein if the Discovery Requests were asked of, or any statements contained herein were made by, a witness present and testifying in court. All such objections and grounds are reserved and may be interposed at the time of trial.

**2.**      Defendant's Responses herein are based on his present knowledge of the facts and circumstances relevant to the instant action. Discovery in this matter is continuing. Defendant has not completed her investigation of the facts and circumstances relating to this matter. Defendant has not completed discovery in this matter. Defendant has not completed preparation for trial in this matter. Accordingly, these Responses are made without prejudice to Defendant with respect to additional information discovered hereafter.

3.      Subject to the foregoing objections and reservations, which are incorporated into the specific responses below as if set forth at length therein, the following Responses are provided based upon review of matters to date. The right to supplement the responses if and when additional responsive information is discovered and/or obtained is reserved.

DEFINITIONS OF SPECIFIC OBJECTIONS

As used in the Specific Objections and Responses below, the following terms include objections based upon their respective definitions:

1.      **"Vague and Ambiguous"** is defined to mean: Defendant objects on the basis that, and insofar as, the Discovery Request is vague, uncertain, and too ambiguous to adequately describe what information is being sought or to allow the disclosure of such information with reasonable effort.

2.      **"Overbroad"** is defined to mean: Defendant objects on the basis that, and insofar as, the information sought is overbroad and calls for an expansive potential breadth of information that is unreasonable in scope and parameter.

3.      **"Not relevant"** is defined to mean: Defendant objects on the basis that, and insofar as, the Discovery Request seeks information irrelevant to the subject matter of this lawsuit.

4.      **"Duplicative"** is defined to mean: Defendant objects on the basis that, and insofar as, the Discovery Request calls for information that is cumulative or duplicative of other discovery.

5.      **"Burdensome"** is defined to mean: Defendant objects on the basis that the Discovery Request is so broad and uncertain that it creates an unreasonable and undue burden such that the burden or expense of the proposed discovery outweighs its likely benefit. Burdensome is also defined to mean that Defendant objects to the Discovery Request because the information sought is more readily obtainable through other, more convenient, less burdensome, and less expensive sources or discovery procedures. This includes information already in Plaintiff's possession or to which Plaintiff has substantially similar access or ability to obtain.

6.      **"Compound"** is defined to mean: Defendant objects on the basis that the Discovery Request is addressed to multiple distinct parties and is thus several Discovery Requests compounded in one, or that it contains multiple discrete subparts.

7.     "**Premature**" is defined to mean: Defendant objects on the basis that discovery is ongoing, and Defendant has not yet necessarily identified each and every document or item of information that is responsive to any particular Discovery Request.

8.     "**Privileged**" is defined to mean: Defendant objects on the basis that, and insofar as, the Discovery Request calls for information or documents (1) protected by the attorney-client privilege; (2) protected by the work-product doctrine; (3) protected because it consists, in whole or in part, of trial preparation materials and/or documents containing mental impressions, conclusions, opinions, or legal theories of counsel; and/or (4) protected under any other valid privilege.

9.     "**Legal conclusion**" is defined to mean: Defendant objects on the basis and insofar as the discovery request calls for Defendant to reach a legal conclusion.

10.     The phrase **"subject to, and without waiving the foregoing Specific Objections,"** or words having similar effect, is defined to mean: Notwithstanding the fact that Defendant answers or provides information in response to a Discovery Request, he does not waive any objection that has been asserted.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify the state(s) in which HQC LLC has filed articles of organization, articles of formation, or other documents required to form a limited liability company or do business in the state.

**RESPONSE**: Delaware.

**INTERROGATORY NO. 2:** Identify each purchase and transaction in the HQC LLC bank account statements (DEF000132-511) that were made for HQC LLC business purposes. In doing so, provide the following information for each purchase and transaction: (a) state the date, description, and amount; (b) explain the purpose of the purchase or transaction; and (c) explain how it related to HQC LLC business.

**RESPONSE**: Responding party objects that this request is not relevant or proportional to the case at issue, nor is it calculated to lead to the discovery of admissible evidence. None of the transactions in the HQC LLC bank account statements were to purchase shares in Aurora Cannabis, Inc. for Plaintiffs, nor for any other purpose to benefit Plaintiffs. Beyond this, the responses are not relevant nor proportional to the needs of the case.

**INTERROGATORY NO. 3:** Identify each person by name, address, telephone number, and email address that has ever been an account holder, authorized user, joint user, authorized signer, secondary signer, or beneficiary on the HQC LLC bank account, and provide the date range for which each person had such status.

**RESPONSE**: Douglas Quezada. Entire time period account was held.

**INTERROGATORY NO. 4:** Explain why dozens of monetary transfers were made out of the HQC LLC bank account into one or more of Lauren Quezada's bank accounts or other financial accounts during the time period reflected in DEF000132-511.

**RESPONSE**: Responding party objects that this request is not relevant or proportional to the case at issue, nor is it calculated to lead to the discovery of admissible evidence. None of the transactions in the HQC LLC bank account statements were to purchase shares in Aurora Cannabis, Inc. for Plaintiffs, nor for any other purpose to benefit Plaintiffs. Beyond this, the responses are not relevant nor proportional to the needs of the case.

**INTERROGATORY NO. 5:** Explain why dozens of monetary transfers were made from one or more of Lauren Quezada's bank accounts or other financial accounts into the HQC LLC bank account during the time period reflected in DEF000132-511.

**RESPONSE**: Responding party objects that this request is not relevant or proportional to the case at issue, nor is it calculated to lead to the discovery of admissible evidence. None of the transactions in the HQC LLC bank account statements were to

purchase shares in Aurora Cannabis, Inc. for Plaintiffs, nor for any other purpose to benefit Plaintiffs. Beyond this, the responses are not relevant nor proportional to the needs of the case.

**INTERROGATORY NO. 4:** Explain why monetary transfers were made out of the HQC LLC bank account into one or more of Douglas Quezada's bank accounts or other financial accounts during the time period reflected in DEF000132-511.

**RESPONSE**:   Responding party objects that this request is not relevant or proportional to the case at issue, nor is it calculated to lead to the discovery of admissible evidence. None of the transactions in the HQC LLC bank account statements were to purchase shares in Aurora Cannabis, Inc. for Plaintiffs, nor for any other purpose to benefit Plaintiffs. Beyond this, the responses are not relevant nor proportional to the needs of the case.

**INTERROGATORY NO. 5:** Explain why dozens of monetary transfers were made from one or more of Douglas Quezada's bank accounts or other financial accounts into the HQC LLC bank account during the time period reflected in DEF000132-511.

**RESPONSE**:   Responding party objects that this request is not relevant or proportional to the case at issue, nor is it calculated to lead to the discovery of admissible evidence. None of the transactions in the HQC LLC bank account statements were to purchase shares in Aurora Cannabis, Inc. for Plaintiffs, nor for any other purpose to benefit Plaintiffs. Beyond this, the responses are not relevant nor proportional to the needs of the case.

**INTERROGATORY NO. 6:** Identify each credit card that was in HQC LLC's name or which HQC LLC was obligated for between January 1, 2017 to December 31, 2021. In doing so, provide the name of the creditor, the name of the card, and the last four digits of the account number.

**RESPONSE**:   Responding party objects that this request is not relevant or proportional to the case at issue, nor is it calculated to lead to the discovery of admissible evidence. To the extent that HQC, LLC had credit cards, none of the transactions on those card(s) were to purchase shares in Aurora Cannabis, Inc. for Plaintiffs, nor for any other purpose to benefit Plaintiffs. Beyond this, the responses are not relevant nor proportional to the needs of the case.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** All non-privileged documents and communications that you identified, referred to, or relied upon in answering the Interrogatories served herewith.

**RESPONSE**: No responsive documents exist.

**REQUEST NO. 2:** All receipts, invoices, and other documents pertaining to any purchase, transfer, or other transaction reflected in DEF000132-511 that you contend was for an HQC LLC business purpose.

**RESPONSE**:   Responding party objects that this request is not relevant or proportional to the case at issue, nor is it calculated to lead to the discovery of admissible evidence. None of the transactions by HQC LLC were to purchase shares in Aurora Cannabis, Inc. for Plaintiffs, nor for any other purpose to benefit Plaintiffs. Beyond this, the responses are not relevant nor proportional to the needs of the case.

**REQUEST NO. 3:** All communications pertaining to any purchase, transfer, or other transaction reflected in DEF000132-511 that you contend was for an HQC LLC business purpose.

**RESPONSE**:   Responding party objects that this request is not relevant or proportional to the case at issue, nor is it calculated to lead to the discovery of admissible evidence. None of the transactions by HQC LLC were to purchase shares in Aurora Cannabis, Inc. for Plaintiffs, nor for any other purpose to benefit Plaintiffs. Beyond this, the responses are not relevant nor proportional to the needs of the case.

**REQUEST NO. 4:** All documents and communications pertaining to the identity of each person who has been an account holder, authorized user, joint user, authorized signer, secondary signer, or beneficiary on the HQC LLC bank account.

**RESPONSE**:  Responding party objects that this request is not relevant or proportional to the case at issue, nor is it calculated to lead to the discovery of admissible evidence. This request is overbroad and burdensome to the extent it seeks every document or communication "pertaining to the identity" of Douglas Quezada.

**REQUEST NO. 5:** All documents and communications pertaining to the identity of each person who has been issued or given an HQC LLC debit card, regardless of whether the card was in their name.

**RESPONSE**: Responding party objects that this request is not relevant or proportional to the case at issue, nor is it calculated to lead to the discovery of admissible evidence. This request is overbroad and burdensome to the extent it seeks every document or communication "pertaining to the identity" of Douglas Quezada.

**REQUEST NO. 6:** All documents and communications pertaining to any purchases or transactions made by Lauren Quezada between January 1, 2017 and December 31, 2021.

**RESPONSE**:  Responding party objects that this request is not relevant or proportional to the case at issue, nor is it calculated to lead to the discovery of admissible evidence. This request is overbroad and burdensome as it seeks information about all of Ms. Quezada's transactions over a five-year period, none of which bear any relation to this action.

**REQUEST NO. 7:** All documents and communications pertaining to any purchases or transactions made by Douglas Quezada between January 1, 2017 and December 31, 2021.

**RESPONSE**:   Responding party objects that this request is not relevant or proportional to the case at issue, nor is it calculated to lead to the discovery of admissible evidence. This request is overbroad and burdensome as it seeks information about all of Ms. Quezada's transactions over a five-year period, none of which bear any relation to this action.

**REQUEST NO. 8:** All documents and communications pertaining to any monetary transfers that were made between the HQC bank account and any bank account or other financial account belonging to Lauren Quezada, regardless of which part sent or received the money.

**RESPONSE**:   Responding party objects that this request is not relevant or proportional to the case at issue, nor is it calculated to lead to the discovery of admissible evidence. To the extent that HQC, LLC transferred funds to Lauren Quezada, none of the funds were to purchase shares in Aurora Cannabis, Inc. for Plaintiffs, nor for any other purpose to benefit Plaintiffs. Beyond this, the responses are not relevant nor proportional to the needs of the case.

**REQUEST NO. 9:** All documents and communications pertaining to any monetary transfers that were made between the HQC bank account and any bank account or other financial account belonging to Douglas Quezada, regardless of which part sent or received the money.

**RESPONSE**:   Responding party objects that this request is not relevant or proportional to the case at issue, nor is it calculated to lead to the discovery of admissible evidence. To the extent that HQC, LLC transferred funds to Douglas Quezada, none of the funds were to purchase shares in Aurora Cannabis, Inc. for Plaintiffs, nor for any other purpose to benefit Plaintiffs. Beyond this, the responses are not relevant nor proportional to the needs of the case.

Dated this 23rd day of September 2024.

PIA HOYT, LLC

/s/ John P. Mertens
Joseph G. Pia
John P. Mertens
Nediha Hadzikadunic
*Attorneys for Plaintiffs*

## VERIFICATION

I, Douglas Quezada, hereby swear or affirm that above interrogatory responses are true and correct to the best of my knowledge, information, and belief.

Dated September 23, 2024

_____
Douglas Quezada

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2024, a true and correct copy of the foregoing **RESPONSES AND OBJECTIONS TO PLAINTIFFS FIRST SET OF DISCOVERY REQUESTS** was delivered via email to the following:

Stephen Kelson
Steve.Kelson@chrisjen.com
Matthew K. Strout
Matthew.Strout@chrisjen.com
CHRISTENSEN & JENSEN, P.C.
*Attorneys for Plaintiff*

*/s/ Melanie Buervenich*
Paralegal

# 2024-09-23 Responses to First Set of Discovery Requests - HQC

Final Audit Report                                                   2024-09-23

| | |
|---|---|
| Created: | 2024-09-23 |
| By: | Melanie Buervenich (mbuervenich@piahoyt.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA1r92GLXdau1O8-1JvlBknuGj1dTBFT77 |

## "2024-09-23 Responses to First Set of Discovery Requests - HQ C" History

Document created by Melanie Buervenich (mbuervenich@piahoyt.com)
2024-09-23 - 6:37:49 PM GMT

Document emailed to Doug Quezada (dougquezada@gmail.com) for signature
2024-09-23 - 6:37:55 PM GMT

Email viewed by Doug Quezada (dougquezada@gmail.com)
2024-09-23 - 6:46:15 PM GMT

Document e-signed by Doug Quezada (dougquezada@gmail.com)
Signature Date: 2024-09-23 - 6:47:02 PM GMT - Time Source: server

Agreement completed.
2024-09-23 - 6:47:02 PM GMT