THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DAVID ZAMORA and GUMECINDO ZAMORA,<br><br>Plaintiffs,<br>v.<br><br>DOUGLAS QUEZADA, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION TO COMPEL DEPOSITIONS<br><br>Case No. 2:22-cv-00616-DBB-DBP<br><br>District Judge David Barlow<br><br>Chief Magistrate Judge Dustin B. Pead |

This matter is before the court on Defendants' Motion to Compel the Depositions of David and Gumecindo Zamora.[1] The court will grant the motion in part.

On September 21, 2022, Plaintiffs brought suit against Douglas Quezada for fraud, conversion, and unjust enrichment.[2] Plaintiff Gumecindo Zamora traveled from California for his deposition, which was set for June 10, 2024. On June 9, 2024, Gumecindo's son, David Zamora, was arrested during his own deposition for an alleged sexual assault committed against Defendant Lauren Quezada.[3] Gumecindo's deposition was postponed given the arrest on June 9, 2024.

Defendants argue this lawsuit is "100% based on Plaintiff's verbal allegations against Defendants" making this case a "swearing contest."[4] Because of this, Defendants argue the depositions of David and Gumecindo Zamora should be completed in-person. Defendants offer no authority for the necessity of an in-person deposition. In the alternative, "Defendants at least

---

[1] ECF No. 59.

[2] Compl. ¶¶ 26-66, ECF No. 2.

[3] This alleged assault was committed prior to this lawsuit.

[4] Mtn. at 2.

need a deposition via zoom of Gumecindo Zamora, and an in-person deposition of David Zamora, who now lives in Utah."[5]

In opposition, Plaintiffs argue Gumecindo already travelled from California for his deposition, and it was Defendants who had his son arrested creating the current issue. Plaintiffs provide "Gumecindo is available to be deposed remotely via video conference" and David who is currently residing in Utah, "is available for an in-person deposition."[6]

Frankly this is the type of dispute the parties should resolve without court intervention. Nonetheless, modern technology has enabled video depositions to be very effective and since the COVID pandemic, they have become much more common.[7] Therefore, Defendants' Motion is GRANTED in PART. The depositions are to occur at a date and time agreed to by the parties. Gumecindo Zamora's deposition is to be done remotely via video conference and David Zamora's deposition may be done in person.

IT IS SO ORDERED.

DATED this 27 March 2025.

_____
Dustin B. Pead
United States Magistrate Judge

---

[5] *Id.*

[6] Opposition at 3, ECF No. 63.

[7] *See, e.g., Bartch v. Barch*, No. 18-CV-03016-RBJ-NYW, 2022 WL 293226, at *3 (D. Colo. Feb. 1, 2022) (allowing for calling witnesses remotely via video teleconference); *Reynard v. Washburn Univ. of Topeka*, No. 19-4012-HLT-TJJ, 2020 WL 3791876, at *6 (D. Kan. July 7, 2020) ("With technological advancements in recent years, video depositions can be used very effectively in many settings and have become much more common as a result of the pandemic.").

