THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DAVID ZAMORA and GUMECINDO ZAMORA,<br><br>Plaintiffs,<br>v.<br><br>DOUGLAS QUEZADA, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:22-cv-00616-DBB-DBP<br><br>District Judge David Barlow<br><br>Chief Magistrate Judge Dustin B. Pead |

This matter is before the court on Plaintiffs' Motion to Compel.[1] Plaintiffs seek to compel Defendants to respond fully to Plaintiffs' First Set of Discovery Requests to Lauren Qezada and HQC, LLC. Plaintiffs also move to compel depositions for Lauren Quezda and HQC. As set forth herein, the court will grant in part the motion.

## BACKGROUND

Plaintiffs filed suit against Douglas Quezada, Lauren Quezada, and HQC, LLC, for fraud, securities fraud, conversion, unjust enrichment, and civil conspiracy.[2] Plaintiffs aver that Defendants offered to invest their money in shares of Aurora Cannabis. Between February 2018 and January 2021, Plaintiffs paid Mr. Quezada approximately $132,800 to invest in Auroa. However, Defendants allegedly never invested the funds and instead, deposited them into the bank account of HQC, LLC, which is owned or controlled by Mr. Quezda and Ms. Quezada. The funds were then used for Defendants' "own enrichment at Plaintiffs' expense."[3]

---

[1] ECF No. 61.

[2] Amended Complaint, ECF No. 32.

[3] *Id.* at 6.

As noted in the pleadings, an unfortunate breakdown in the parties' ability to cooperate in discovery occurred when Plaintiff David Zamora was arrested during his deposition for alleged sexual violence against Lauren Quezada. The case then degraded into motion practice rather than cooperation, and on March 27, 2025, the court entered an order requiring depositions. In the instant motion, Plaintiffs seek to compel responses to its First Set of Discovery Requests and compel the deposition of Ms. Quezada and HQC. In essence Plaintiffs seek to "follow the money" to ascertain where it went. While Defendants, argue "following the money" is wasted disproportionate discovery.

## DISCUSSION

Rule 26(b)(1) establishes the general scope of permissible discovery:

Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

In analyzing Rule 26 and the scope of discovery, the Tenth Circuit opined:

[W]hen a party objects that discovery goes beyond that relevant to the claims or defenses, the court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action. This good cause standard is intended to be flexible. When the district court does intervene in discovery, it has discretion in determining what the scope of discovery should be. [T]he actual scope of discovery should be determined according to the reasonable needs of the action. The court may permit broader discovery in a particular case depending on the circumstances of the case, the nature of the claims and defenses, and the scope of the discovery requested.[4]

---

[4] *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1188–89 (10th Cir. 2009) (citations omitted) (internal quotation marks omitted).

With this backdrop, the court turns to the discovery requests. To begin, there is common ground here between the parties regarding depositions. Defendants provide "[b]oth Lauren Quezada and HQC, LLC are and remain willing to attend a deposition, and neither have refused to attend a deposition. Plaintiffs have refused to re-schedule these depositions"[5] Plaintiffs, as part of their motion, "further request that the Court orders Lauren Quezada and HQC to appear for depositions within thirty days."[6] The court orders that these depositions should be scheduled within forty-five days of the court's order. The parties are encouraged to renew their spirit of cooperation in scheduling and holding these depositions.

Next, Plaintiffs seek further responses and documents to the interrogatories and requests for production identified in a footnote in their motion as well as a privilege log.[7] Rule 26 of the Federal Rules of Civil Procedure requires a party withholding documents based on a claim of privilege or work-product protection to "(i) expressly make the claim[ ] and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."[8]

Defendants make privilege claims of "spousal communications" and/or the "attorney-client privilege and work-product doctrine." To the extent that documents or information is not produced based on privilege, Defendants are ORDERED to provide a privilege log in accordance with Rule 26. Based on the record before the court, there is no indication that a privilege log has yet to be provided. The privilege log is to be provided within thirty days of the court's order.

---

[5] Op at 3.

[6] Amended Motion at 3, ECF No. 61.

[7] Plaintiffs' footnote states: "*See* Exhibit A at Interrog. Response Nos. 2, 5-11; Exhibit B at Interrog. Response Nos. 2, 4, 5, 4 [sic], 5 [sic], 6 [sic]; Exhibit A at Response to RFP Nos. 7-11; Exhibit B at Response to RFP Nos. 2-9."

[8] Fed. R. Civ. P. 26(b)(5)

There is a fundamental disagreement between the parties regarding "following the money", i.e. discovery regarding where the money went that Plaintiffs provided to Defendants. Plaintiffs argue the discovery is related to their third cause of action, Conversion of Funds against all Defendants. Defendants argue such discovery is "wasted disproportionate discovery" because "the case does not turn on what was done with the funds" rather, the "only issue for discovery is how the funds were obtained."[9] To help resolve the dispute between the parties, Defendants "offered to stipulate to the facts Plaintiffs wished to establish – that any liability on the third cause of action would be joint and several as to the amount anyone received."[10] Plaintiffs declined the stipulation.

The court acknowledges Defendants' willingness to enter a stipulation to help resolve the dispute regarding following the money, however, the court is persuaded that at this stage of the proceedings, Plaintiffs are entitled to such discovery. Discovery may be broadly construed at this stage of the proceedings. The actual scope of discovery may vary depending on the "reasonable needs of the action", the "circumstances of the case, the nature of the claims and defenses, and the scope of the discovery requested."[11]

In Utah, "conversion is 'an act of wilful interference with a chattel, done without lawful justification by which the person entitled thereto is deprived of its use and possession.'"[12] Conversion is an intentional tort. It "does not require intentional wrongdoing, but only an

---

[9] Op. at 2, ECF No. 62.

[10] *Id.*

[11] *In re Cooper Tire & Rubber Co.*, 568 F.3d at 1189..

[12] *Healthcare Servs. Grp., Inc. v. Utah Dep't of Health*, 2002 UT 5, 40 P.3d 591, 597 (quoting *Allred v. Hinkley*, 8 Utah 2d 73, 76, 328 P.2d 726, 728 (1958)).

intentional interference with the true owner's rights to such chattel."[13] The measure of damages of conversion is the "full value of the property."[14]

Discovery concerning "following the money" may help discern the full value of the property in this case regardless of whether such discovery is admissible at trial. The court therefore will allow such discovery and overrules Defendants' objections of proportionality or relevance to it. This discovery is to be tailored to the time frame in this case – to wit – limited to three months before Plaintiffs began transferring funds to Defendants and then up to and including the present. All discovery is subject to the court's standard protective order, which helps alleviate confidentiality concerns.

Finally, in reviewing the Interrogatories and Requests for Production, the court notes that some responses by Defendants included the fact that there are no responsive documents or "responsive documents were located and will be produced."[15] To the extent that documents or information does not exist, or if it has been produced, there is nothing left for the court to order or for Defendants to provide.

## ORDER

Accordingly, Plaintiffs Motion to Compel is GRANTED IN PART. Defendants are ORDERED to provide updated discovery responses to discovery regarding "following the money." The parties are ORDERED to schedule depositions as set forth above. And Defendants are ORDERED to provide a privilege log as set forth previously. Finally, to the extent it is needed, the parties are ORDERED to submit any proposed changes to the scheduling order. No

---

[13] *Allred*, 8 Utah 2d at 77, 328 P.2d at 728.

[14] *Id.*

[15] ECF No. 61-1 at 9.

party is awarded costs or fees based on the court's review of the circumstances surrounding the motion.[16]

    IT IS SO ORDERED.

    DATED this 22 April 2025.

                                                      Dustin B. Pead
                                                    United States Magistrate Judge

---

[16] Because the court grants in part Plaintiffs Amended Motion to Compel (ECF N0. 61), Plaintiff's Motion to Compel (ECF No. 60) is deemed MOOT.