UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| DAVID ZAMORA; and GUMECINDO ZAMORA, <br><br> Plaintiffs, <br><br> v. <br><br> DOUGLAS QUEZADA; LAUREN QUEZADA; and HQC, LLC, <br><br> Defendants. | **ORDER FOR SETTLEMENT CONFERENCE** <br><br> Case No. 2:22-cv-00616 <br><br> District Judge David Barlow <br><br> Magistrate Judge Daphne A. Oberg (for settlement only) |

This case is set for a settlement conference before Magistrate Judge Daphne A. Oberg on **August 3, 2026, at 8:30 a.m.**, via Zoom video conferencing.  A Zoom link will be emailed to counsel before the settlement conference.

IT IS HEREBY ORDERED:

Participation of Parties:  Each party or, in the case of an entity, a representative with full settlement authority, must be present by video and participate in the settlement conference for the entire time period.  Counsel for each party also must be present by video at the conference.

Confidential Pre-Conference Zoom Calls:  By **July 9, 2026**, counsel for each party shall separately contact Judge Oberg's case administrator at lynsie_mcentire@utd.uscourts.gov to schedule a confidential pre-conference call with Magistrate Judge Oberg, which will occur by Zoom, and will take place after the submission deadlines below.  The Zoom calls will be conducted separately with counsel for each party, and the contents will not be shared with the other parties.  All attorneys

who will participate in the settlement conference must attend the pre-settlement call, and must appear by video.

Joint Case Status Report:  By **July 20, 2026**, counsel shall meet and confer and submit a joint case status report directly to Judge Oberg at utdecf_oberg@utd.uscourts.gov.  If the joint case status report is not submitted by the deadline, the judicial settlement conference may be canceled.  The joint case status report shall be no more than ten (10) pages and shall include the following:

1.    A brief statement of the facts of the case;

2.    A brief statement of the claims and defenses (i.e., statutory or other grounds upon which the claims are founded);

3.    The relief sought;

4.    A brief description of the major issues in dispute that need to be resolved to reach a settlement;

5.    A summary of relevant proceedings to date including rulings on motions and motions outstanding; and

6.    A statement regarding whether fact discovery has been completed.

Confidential Settlement Statement:  By **July 20, 2026**, each party shall separately submit a confidential settlement statement to Judge Oberg at utdecf_oberg@utd.uscourts.gov.  The confidential settlement statement shall be no more than ten (10) pages and shall include the following:

1.    An evaluation of the party's likelihood of prevailing on the claims and defenses (including rating each claim or defense as weak, fair, or strong and explaining the reasons for that assessment);

2.    The party's position on settlement, including present offers and a history of past settlement discussions and offers;

3.      From a party asserting claims for damages, an itemization of damages;

4.      Any cap or constraints in dollar value on the party's authority to settle, including an evaluation of whether such a cap may be exceeded and, if applicable, the contact information of who may authorize a cap exception;

5.      The party's "ceiling" or "floor" in dollar value—meaning the most the party would be willing to pay to settle the case, or, alternatively, the least the party would be willing to accept to settle the case;[1]

6.      An estimate of the cost and time to be expended for further discovery, pretrial, and trial;

7.      An assessment of the likelihood of settling the matter (weak, fair, or strong); and

8.      An assessment of the largest impediment to settlement.

**The confidential settlement statement shall NOT be filed with the Clerk of Court or served upon the other parties or counsel.**  The court and its personnel shall not permit other parties or counsel to have access to these confidential settlement statements.

Discussion with Client:  In advance of the conference, counsel and clients should fully discuss the joint case status report, confidential settlement statement, and settlement considerations.

Role of Settlement Judge:  The settlement judge will encourage communication among the parties and counsel; assist in identifying areas of agreement and disagreement; encourage resolution of issues; and, if possible, facilitate settlement of

---

[1] This information will remain confidential at all times, including throughout the settlement conference.  Judge Oberg uses this information only to assess whether a settlement conference is feasible at this time.

the case.  The settlement judge will not order terms or conditions of settlement but may evaluate risks and advantages and recommend terms of settlement.

Confidentiality:  No report of proceedings, including any statement made by a party, attorney, or other participants, in the settlement conference may be reported, recorded, placed in evidence, made known to the trial court or jury, or construed for any purpose as an admission unless otherwise discoverable.  Pursuant to DUCivR 16-3(d), a written report for the purposes of informing the referring judge whether the dispute has been settled is the only permissible communication allowed regarding the settlement conference.  No party will be bound by anything agreed upon or spoken about at the conference except as provided in a written settlement agreement.  No participant in the settlement conference may be compelled to disclose in writing or otherwise, or to testify in any proceeding, as to information disclosed or representations made during the settlement conference process, except as required by law.

For questions related to the conference, counsel may contact Judge Oberg's chambers at (801) 524-6180 or utdecf_oberg@utd.uscourts.gov.

DATED this 2nd day of July, 2026.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

4